OPINION
{¶ 1} Defendant-appellant Debra Lent appeals the January 10, 2006 Order of Sale and Foreclosure entered by the Guernsey County Court of Common Pleas, instructing the Guernsey County Sheriff to proceed with the appraisal, advertisement, and selling of property owned by her. Plaintiff-appellee is Bank One, N.A.[1]
 STATEMENT OF THE CASE[2] {¶ 2} On May 22, 2003, appellee filed a Complaint for Money, Foreclosure, and Other Equitable Relief in the Guernsey County Court of Common Pleas, relative to property owned by appellant, and on which she had executed a promissory note and mortgage deed. Appellant failed to answer, and appellee filed a motion for default judgment. The trial court issued a Judgment Decree and Foreclosure and Corresponding Order of Sale on January 21, 2004. The sale of the property was scheduled for March 26, 2004.
 {¶ 3} On March 25, 2004, the trial court issued an Entry, vacating the sale as the parties had entered into a forbearance plan. Appellant breached the forbearance plan, and appellee filed a motion to reactivate on August 25, 2004. The trial court granted the motion and reactivated the foreclosure proceeding. After the property was appraised, the trial court filed a Notice of Sheriffs Sale. The sale was duly advertised in the Daily Jeffersonian for three consecutive weeks, commencing on October 29, 2004.
 {¶ 4} On December 2, 2004, appellant filed Chapter 13 Bankruptcy. Appellant advised the trial court of such via Notice of Filing and Stay under Bankruptcy Code on December 5, 2004. The trial court stayed the proceedings and cancelled the sale. On *Page 3 
October 21, 2005, appellee notified the trial court the bankruptcy court had dismissed appellant's case and asked the trial court to lift the stay and proceed with the sale. The property was reappraised in January, 2006. The trial court issued a Notice of Sheriffs Sale on January 10, 2006. The sale was duly advertised in the Daily Jeffersonian for three consecutive weeks.
 {¶ 5} On February 7, 2006, appellant filed a Notice of Appeal from the January 10, 2006 Notice of Sale. Appellant requested the trial court stay the proceedings pending her appeal. Via Entry filed March 21, 2006, the trial court granted the stay conditioned upon appellant's posting a supersedeas bond. The sale of the property proceeded on March 28, 2006. Appellant renewed her motion to stay on March 30, 2006. The trial court denied the request on April 24, 2006. Appellant filed yet another motion for stay, which the trial court also denied. An entry confirming the sale was filed on May 22, 2006.
 {¶ 6} It is from the January 10, 2006 Notice of Sale appellant appeals, raising the following assignments of error:
 {¶ 7} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT ISSUED AN ORDER TO PROCEED TO SALE, OR ALLOWED CLERK TO ISSUE SAME, WITHOUT STARTING OVER THE STATUTORY PROCEDURE TO ADVERTISE THE PROPERTY, APPRAISE THE PROPERTY, VIOLATING THE DEFENDANT-APPELLANT'S DUE PROCESS RIGHTS UNDER THE OHIO AND U.S. CONSTITUTION'S DUE PROCESS AND EQUAL PROTECTION CLAUSE. THE TRIAL COURT SHOULD HAVE ISSUED A RE- *Page 4 
APPRAISAL OF THE PROPERTY AND A RE-ADVERTISING OF THE PROPERTY AT ISSUE UNDER OHIO LAW SINCE THE STATUTORY TIME PERIOD HAS LAPSED.
 {¶ 8} "II. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT ORDERED THE DEFENDANT-APPELLANT'S PROPERTY TO BE SOLD THROUGH AN UNCONSTITUTIONAL PROCEDURE THAT VIOLATES ARTICLE IV, SECTION 5(B) AND ARTICLE II, SECTION 32 (SEPARATION OF POWERS DOCTRINE) OF THE OHIO CONSTITUTION. THE PROCEDURE FURTHER VIOLATES THE EX POST FACTO CLAUSE OF THE OHIO U.S. CONSTITUTION, 14th, AMENDMENT.
 {¶ 9} "III. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT ORDERED THE PROPERTY TO BE SOLD WHEN THE MORTGAGE NOTE HAD NOT BEEN PROPERLY WITNESSED IN ACCORDANCE WITH OHIO LAW PURSUANT TO SEC. 5301.01 (REPEALED FEB. 2, 2002), VIOLATING DUE PROCESS AND EQUAL PROTECTION RIGHTS."
 {¶ 10} In this appeal, appellant challenges the validity of the underlying mortgage as well as the procedure which was followed prior to bringing the property to Sheriffs sale. Our review of the record reveals we cannot proceed to the merits of appellant's claims.
 {¶ 11} Appellant filed a request for stay, which the trial court granted conditioned upon her posting of a supersedeas bond. Appellant did not post the bond; therefore, the sale proceeded as scheduled. Appellant appealed the order of sale, but never appealed the judgment entry of foreclosure. The order of foreclosure is a final appealable order. Third National Bank of Circleville v. Speakman (1985), *Page 5 
18 Ohio St.3d 119, 120, 480 N.E.2d 411; Oberlin Savings Bank Co. V. Fairchild (1963),175 Ohio St. 311, 194 N.E.2d 580; Bank One Dayton v. Ellington (1995),105 Ohio App.3d 13, 663 N.E.2d 660.
 {¶ 12} Because appellant failed to appeal the decree of foreclosure, and the property has been sold and the sale confirmed[3], we overrule appellant's assignments of error as moot.
 {¶ 13} The Judgment of the Guernsey County Court of Common Pleas is affirmed.
 Hoffman, J., Gwin, P.J., Wise, J. concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Guernsey County Court of Common Pleas is affirmed. Costs are assessed to appellant.
[1] Appellee did not file a brief in the instant matter.
[2] A Statement of the Facts is not necessary to our disposition of this appeal.
[3] Although the confirmation of sale was not in the record before the trial court at the time of the filing of this appeal, we take judicial notice of such as it is contained in the record prepared for this Court. *Page 1