LASALLE BANK NATIONAL ASSOCIATION, Appellee,

v.

MURRAY et al., Appellants.

[Cite as *LaSalle Bank Natl. Assn. v. Murray*, 179 Ohio App.3d 432, 2008-Ohio-6097.]

Court of Appeals of Ohio,
Seventh District, Columbiana County.

No. 07–CO–27.

Decided Nov. 24, 2008.

John A. Polinko, for appellee.

Marian D. Davidson, for appellants.

---

Donofrio, Judge.

{¶ 1} Defendants-appellants, Brenda Murray and David Murray, husband and wife, appeal from a judgment granted by the Columbiana County Common Pleas Court in favor of plaintiff-appellee, LaSalle Bank National, as holder of a defaulted promissory note secured by the Murrays' mortgage agreement. The main issue presented here is whether a trial court may sua sponte consider a previously denied motion for summary judgment or a previously denied motion to dismiss without notice to the parties.

{¶ 2} On August 17, 2005, LaSalle filed a complaint against the Murrays, seeking foreclosure of the property due to their alleged default on a mortgage loan. Columbiana County also was named a defendant due to potential tax liens.

{¶ 3} On October 6, 2005, the Murrays filed a motion for leave to plead of 30 days, which the trial court granted.

{¶ 4} On October 14, 2005, LaSalle filed a motion for default judgment. On October 17, 2005, the trial court overruled this motion because it had previously granted the Murrays leave to file an answer or responsive pleading.

{¶ 5} The Murrays filed an answer and counterclaim on November 7, 2005, and LaSalle replied.

{¶ 6} The trial court set the matter for mediation in June 2006, but mediation was unsuccessful.

{¶ 7} On October 23, 2006, LaSalle filed a motion for summary judgment, which the trial court denied on November 22, 2006. This was the sole motion for summary judgment filed by LaSalle.

{¶ 8} On February 2, 2007, LaSalle filed a motion to compel discovery. The trial court granted this motion and ordered the Murrays to supplement their responses to the requested interrogatories.

{¶ 9} On March 7, 2007, LaSalle filed a motion to dismiss the Murrays' counterclaim and affirmative defenses, which asserted, in part, that the Murrays failed to provide previously requested discovery information. The Murrays filed a response, and LaSalle filed a reply. On April 9, 2007, the court overruled LaSalle's motion to dismiss and accordingly ordered the Murrays to use only information and documents that had been provided to LaSalle through discovery.

{¶ 10} On the date set for trial, June 14, 2007, the Murrays appeared before the trial court with attorney Marian Davidson, the former law partner of attorney William W. Taylor. Taylor represented the Murrays until June 12, 2007, when he filed a notice of withdrawal of counsel, which the court granted. Attorney Taylor left the state of Ohio to work in Alaska. The Murrays had filed a motion for continuance so that they could secure new counsel, but the court denied the motion. Nevertheless, attorney Davidson appeared on June 14, 2007, with the Murrays prepared to proceed with the previously scheduled trial. The record reflects that the court was unaware of attorney Davidson's intention to appear as counsel for the Murrays, as she did not file a notice of appearance as counsel with the court. Thus, the court denied attorney Davidson's appearance, but allowed attorney Davidson to comment on the record concerning the circumstances of the case. The record also reflects that the trial court notified LaSalle's counsel that he need not appear at trial based on the representation by attorney Taylor that he would not be present at the scheduled trial.

{¶ 11} The trial court entered judgment on July 9, 2007, noting that "it is the Order of this Court that the Judgment is rendered in favor of Plaintiff pursuant to its Motion for Summary Judgment and that Defendants Brenda and David Murray's counterclaim is dismissed, with prejudice, pursuant to Plaintiff's Motion to Dismiss Counterclaim." This appeal followed.

{¶ 12} The Murrays raise one assignment of error:

{¶ 13} "The lower court erred by granting judgment in favor of the appellee when the appellee failed to appear for the trial and the appellant was present, ready, willing and able to proceed to trial."

{¶ 14} The Murrays argue that LaSalle was not entitled to a default judgment or summary judgment. In spite of the fact that the July 9, 2007 judgment entry does not specifically discuss default judgment, the trial transcript reveals that the trial court referred to this matter as a "default situation."

{¶ 15} Civ.R. 55 states:

{¶ 16} "Entry of judgment. * * * If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application."

{¶ 17} Once a party has answered, default judgment cannot be rendered. *Dupal v. Daedlow* (1989), 61 Ohio App.3d 46, 48, 572 N.E.2d 147. This principle has been applied to a default-judgment case involving a mortgage foreclosure. *Resolution Trust Corp. v. Bruce Edward Commt.* (Dec. 17, 1992), 8th Dist. No. 63950, 1992 WL 388930. "[A]bsent a serious transgression or flagrant disregard for the rules, a defendant should be allowed to fully defend at trial any allegations raised by the plaintiff." Id. at *4, citing *Gibbons v. Price* (1986), 33 Ohio App.3d 4, 10, 514 N.E.2d 127.

{¶ 18} In *Suki v. Blume* (1983), 9 Ohio App.3d 289, 291, 9 OBR 536, 459 N.E.2d 1311, the Eighth District Court of Appeals further propounded upon the necessity that notice should be given to the party against whom a motion for default judgment is pending. The court said, "[B]oth the spirit and the letter of Civ.R. 55(A) required that the appellant be given notice of the default judgment hearing either directly by the court or by the setting of a hearing date on the docket." Id.

{¶ 19} In this case, the record reflects that the Murrays timely filed their answer and counterclaim on November 7, 2005. Further, there is no mention in the record that LaSalle entered an additional written or oral application for default judgment as required by Civ.R. 55(A). Nor is this a situation in which a defending party failed to appear for trial. Finally, there is nothing in the record that suggests that the Murrays received seven days' advance written notice advising them of an application for default judgment. Based on the applicable law, the trial court inappropriately entered default judgment sua sponte when it failed to ensure that the Murrays received notice of the court's intention to consider default judgment at the June 14, 2007 trial.

{¶ 20} To the extent that a trial court speaks only through its journal entries, we now turn to the issue of summary judgment. The Murrays argue that the trial court inappropriately declared summary judgment in favor of LaSalle. LaSalle argues to the contrary, stating that the trial court's judgment was appropriate because the court already possessed all the evidence that could be presented at trial. LaSalle argues that their assertion holds true no matter whether the trial court sua sponte granted judgment on the pleadings.

{¶ 21} An appellate court reviews a trial court's decision on a motion for summary judgment de novo. *Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95 Ohio St.3d 314, 2002-Ohio-2220, 767 N.E.2d 707, at ¶ 24. Summary judgment is properly granted when (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 375 N.E.2d 46; Civ.R. 56(C).

{¶ 22} In *Marshall v. Aaron* (1984), 15 Ohio St.3d 48, 15 OBR 145, 472 N.E.2d 335, the Ohio Supreme Court held that a party who has not moved for summary judgment is not entitled to such an order. It stated that there is no basis on which a court may sua sponte enter summary judgment. Id. at 51, 15 OBR 145, 472 N.E.2d 335, citing *Capital Films Corp. v. Charles Fries Productions, Inc.* (C.A.5, 1980), 628 F.2d 387, 390–391; *Denton v. Mr. Swiss of Missouri, Inc.* (C.A.8, 1977), 564 F.2d 236, 242.

{¶ 23} The federal position on sua sponte entry of summary judgment has changed since the Ohio Supreme Court rendered its decision in Marshall. *L & W Supply Co., Inc. v. Constr. One, Inc.* (Mar. 31, 2000), 3d Dist. No. 5–99–55, 2000 WL 348990. In *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 326, 106 S.Ct. 2548, 91 L.Ed.2d 265, the United States Supreme Court noted that district courts may enter summary judgment sua sponte if the losing party had been on notice pursuant to the rule dictated in Fed.R.Civ.P. 56 so that the losing party has an opportunity to present evidence to prove a genuine issue of material fact. Id. However, *L & W* further noted that notwithstanding the changes in federal law, the Ohio Supreme Court has maintained "its disapproval of sua sponte summary judgments." Id. Accordingly, *L & W* held that the trial court erred in sua sponte granting summary judgment. Id.

{¶ 24} Likewise, in *Gibbs v. Ohio Adult Parole Auth.*, 4th Dist. No. 01CA2622, 2002-Ohio-2311, 2002 WL 1003690, at ¶ 11, the Fourth District Court of Appeals held that where a motion for summary judgment is not pending before the trial court, there is no authority for the sua sponte entry of summary judgment. The Fourth District explained that without a pending motion before a trial court,

there is no notice to the losing party, and therefore that party is not afforded an opportunity to compile evidence to defeat summary judgment. Id. at ¶ 9.

{¶ 25} In this case, the record demonstrates that on November 22, 2006, the trial court denied the only summary judgment motion filed by LaSalle. The trial judge specifically stated in the judgment entry that "there exist genuine issues of material fact which preclude the granting of the Plaintiff's Motion for Summary Judgment." Additionally, the record does not indicate that LaSalle refiled a summary judgment motion from which the trial court could base its decision in its final judgment entry of July 9, 2007. Thus, the Murrays were not afforded notice that the trial court was considering disposing of the case on summary judgment grounds, contrary to Civ.R. 56(C) and the above-referenced Ohio case law.

{¶ 26} LaSalle's final assertion is that the Murrays' appeal is moot because the property was sold, the sale confirmed, and the proceeds disbursed. In support, LaSalle relies on *Meadow Wind Health Care Ctr., Inc. v. McInnes*, 5th Dist. No. 2002CA00319, 2003-Ohio-979, 2003 WL 733899, in which the Fifth District Court of Appeals held that the issue of whether the trial court was required to hold an evidentiary hearing on a landowner's objection to a foreclosure sale was moot. Id. at ¶ 8. LaSalle focuses on one main point: the appellant in *Meadow Wind* had not requested a stay of proceedings or a bond. However, the facts of the instant case differ from the facts presented in *Meadow Wind*. In this case, a stay had been requested and filed with this court on September 14, 2007. This court, in its October 4, 2007 journal entry, ordered the Murrays to a post supersedeas bond as a precondition to obtaining a stay of execution of the judgment pending appeal. The Murrays could not afford to secure the bond, and the property was subsequently sold. Furthermore, the appeal in this case was based on a final judgment entry of the trial court, and the appeal was filed prior to an order of sale, actual sale, or confirmation of sale.

{¶ 27} R.C. 2329.45 provides: "If a judgment in satisfaction of which lands, or tenements are sold, is reversed, such reversal shall not defeat or affect the title of the purchaser. In such case restitution must be made by the judgment creditor of the money for which such lands or tenements were sold, with interest from the day of the sale."

{¶ 28} The Sixth Appellate District refused to moot an appeal in which the appellant had applied for a stay of the mortgage-foreclosure order but appellant could not post the required bond. *MIF Realty L.P. v. K.E.J. Corp.* (May 19, 1995), 6th Dist. No. 94WD059, 1995 WL 311365. The court held that debtors may obtain relief in the form of restitution from judgment creditors, even if the foreclosed property has been sold. Id., relying on R.C. 2329.45. See also *Chupp*

*v. Thomas* (Dec. 8, 1997), 6th Dist. No. H–97–027, 1997 WL 796532 (denying a motion to dismiss an appeal after which the foreclosed property was sold, based on the statutory provisions in R.C. 2329.45 and R.C. 2325.03), and *Equibank v. Rivera* (Jan. 22, 1998), 8th Dist. No. 72224, 1998 WL 23814 (indicating that if an order of foreclosure is appealed, the appeal may not be moot, even though the sale has been confirmed). These statutes allow for the protection of a good-faith purchaser of property, but also provide a remedy to debtors after their property is foreclosed and title passed. See *Chase Manhattan Mtge. Corp. v. Locker*, 2d Dist. No. 19904, 2003-Ohio-6665, 2003 WL 22927244, at ¶ 45.

{¶ 29} In rendering an opinion on the issue of mootness, the Second District in *Chase* relied on the Sixth District's opinion in *MIF*. *Chase*, 2003-Ohio-6665, 2003 WL 22927244, at ¶ 44. The *Chase* concerned a mortgage-foreclosure action in which the appellee requested that the appeal be dismissed as moot because the property had been sold, the proceeds had been distributed, and Chase bank had waived deficiency judgment. Id. at ¶ 33. Further, the appellants in *Chase* failed to post the supersedeas bond that was required as a condition of the stay. Id. at ¶ 34.

{¶ 30} In this case, the facts are similar to those presented in *Chase*, as set forth above. Even though the Murrays' property has been sold, the Murrays could still obtain remedy from LaSalle. The default/summary judgment decision entered sua sponte by the trial court was in error. If, on remand, the Murrays prevail on the substantive merits of the case either at a trial or other proceeding, then they may have recourse against LaSalle via R.C. 2329.45. Thus, this case is not moot.

{¶ 31} In sum, there were no pending motions upon which the trial court could base its decision, and the trial court failed to provide the Murrays with notice of its intention to reconsider previously denied motions filed by LaSalle. Nor was there any substantive trial held on June 14, 2007—LaSalle did not appear and present its case, and the Murrays were given no real opportunity to defend.

{¶ 32} Accordingly, the sole assignment of error has merit.

{¶ 33} The judgment of the trial court is hereby reversed, and this matter is remanded for trial of the matter according to law and consistent with this court's opinion.

Judgment reversed
and cause remanded.

VUKOVICH and WAITE, JJ., concur.