[Cite as *U.S. Bank Natl. Assn. v. Marcino*, 2010-Ohio-6512.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION ) | | |
| AS TRUSTEE FOR THE STRUCTURED) | CASE NO. 09 JE 29 | |
| ASSET SECURITIES CORPORATION ) | | |
| MORTGAGE LOAN TRUST, 2006-AM1,) | | |
| ) | | |
|    PLAINTIFF-APPELLEE, ) | | |
| ) | | |
|    - VS - ) | OPINION | |
| ) | | |
| ANTHONY MARCINO, ) | | |
| ) | | |
|    DEFENDANT-APPELLANT. ) | | |

CHARACTER OF PROCEEDINGS:      Civil Appeal from Common Pleas
Court, Case No. 07 CV 588.

JUDGMENT:                     Appeal dismissed

APPEARANCES:
For Plaintiff-Appellee:          Attorney Scott A. King
Attorney Terry W. Posey, Jr.
Thompson, Hine LLP
P.O. Box 8801
2000 Courthouse Plaza, NE
Dayton, OH  45401-8801

For Defendant-Appellant:        Anthony Marcino, Pro-se
c/o 129 Caravel Place
Wintersville, OH  43853

JUDGES:
Hon. Mary DeGenaro
Hon. Joseph J. Vukovich
Hon. Gene Donofrio

Dated: December 23, 2010

DeGenaro, J.

{¶1} Pro-se appellant, Anthony T. Marcino timely appeals the July 31, 2009 decision of the Jefferson County Court of Common Pleas that granted summary judgment and a decree in foreclosure in favor of Appellee, U.S. Bank National Association, as Trustee for the Structured Asset Securities Corporation Mortgage Loan Trust, 2006-AM1. On appeal, Anthony argues that summary judgment was improper because a genuine issue of material fact remained as to whether U.S. Bank was a real party in interest to the foreclosure action. However, Anthony's appeal is moot, as the property in question has been sold, the proceeds have been distributed, and Anthony did not request a stay of the foreclosure judgment at any point. Accordingly, the appeal is dismissed.

## Facts and Procedural History

{¶2} On January 19, 2006, Anthony executed a note, secured by a mortgage signed by Anthony and Melissa Marcino, in favor of Aames Funding Corporation, dba Aames Home Loan, for property at 129 Caravel Place in Wintersville, Ohio. The note included an acceleration clause to allow the note holder to demand full payment on the note in the case of default and subsequent to proper notice. On January 19, 2006, Aames executed a Corporation Assignment of Mortgage, leaving the name of the assignee blank.

{¶3} On November 8, 2007, U.S. Bank filed a complaint in foreclosure against the Marcinos. U.S. Bank asserted that it was the present holder and owner of the note, and that the Marcinos were in default under the terms of the note and mortgage as of June 1, 2007. In the Marcinos' separate answers and joint response to U.S. Bank's first set of interrogatories, the Marcinos admitted that they were in default of the terms of the mortgage, but argued that U.S. Bank was not a real party in interest. The case proceedings included an unsuccessful attempt at mediation and culminated in U.S. Bank filing for summary judgment on its claim and Anthony's counterclaim, which Anthony and Melissa separately opposed on the basis of U.S. Bank's lack of standing, arguing the defect was incurable. Moreover, Anthony did not raise any argument in defense of U.S. Bank's motion for summary judgment on his counterclaim.

{¶4} The trial court held a hearing on U.S. Bank's motion for summary judgment, at which Melissa appeared with counsel, and Anthony appeared pro-se. Both defendants

argued, among other things, that U.S. Bank's motion for summary judgment must be denied due to an incurable lack of standing. On July 31, 2009 the trial court issued a judgment entry, finding that the allegations in U.S. Bank's complaint were true and that U.S. Bank was entitled to a judgment and decree in foreclosure against the Marcinos as a matter of law.

{¶5} Anthony timely filed a pro-se notice of appeal, but Melissa did not join Anthony's notice of appeal or file a separate notice of appeal. App.R. 3(B). By failing to specify Melissa as a party taking the appeal, Anthony is the only party who has invoked this court's judisdiction in accordance with App.R. 3(A). Although Anthony's pro se brief makes arguments on both his and Melissa's behalf, we can only review the trial court's judgment against Anthony. As pro se litigant, Anthony may only represent himself, and may not offer legal arguments on behalf of his spouse. *Grenga v. Bank One N.A.*, 7th Dist. No. 04 MA 94, 2005-Ohio-4474, at ¶36. Thus the trial court's judgment against Melissa stands.

## Mootness

{¶6} Most pertinent to our resolution of this appeal is Anthony's failure to request a stay of proceedings. The property in question was sold to US Bank in a sheriff's sale on March 25, 2010, and on May 17, 2010, a judgment entry of confirmation and order of distribution was filed. Thus, we must first address whether any live controversy remains for this court to resolve, because the Marcinos' property has already been sold and the proceeds distributed.

{¶7} A case becomes moot when its issues are no longer live, or when the parties no longer have a legally cognizable interest in the outcome. *State ex rel. Gaylor, Inc. v. Goodenow*, 125 Ohio St.3d 407, 2010-Ohio-1844, 928 N.E.2d 728, at ¶10. The Ohio Supreme Court has recognized only two exceptions to the mootness doctrine. First, "[a] case is not moot if the issues are capable of repetition, yet evading review." *In re Appeal of Suspension of Huffer from Circleville High School* (1989), 47 Ohio St.3d 12, 546 N.E.2d 1308, paragraph one of the syllabus, approving and following *State ex rel. The Repository v. Unger* (1986), 28 Ohio St.3d 418, 28 OBR 472 504 N.E.2d 37. A situation is capable of repetition, yet evading review where two elements combine: "(1)

the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Weinstein v. Bradford* (1975), 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350. Second, a court may review a case if it "involves a matter of public or great general interest." *In re Appeal of Suspension of Hufer,* 47 Ohio St.3d at 14, 546 N.E.2d 1308.

{¶8} "It is a well-established principle of law that a satisfaction of judgment renders an appeal from that judgment moot." *Blodgett v. Blodgett,* (1990), 49 Ohio St.3d 243, 245, 551 N.E.2d 1249. "Where the court rendering judgment has jurisdiction of the subject-matter of the action and of the parties, and fraud has not intervened, and the judgment is voluntarily paid and satisfied, such payment puts an end to the controversy, and takes away from the defendant the right to appeal or prosecute error or even to move for vacation of judgment." Id., quoting *Rauch v. Noble* (1959), 169 Ohio St. 314, 316, 8 O.O.2d 315, 316, 159 N.E.2d 451, 453, quoting *Lynch v. Lakewood City School Dist. Bd. of Edn.* (1927), 116 Ohio St. 361, 156 N.E. 188, at paragraph three of the syllabus.

{¶9} The Ninth District has stated that, "[i]n foreclose cases, as in all other civil actions, after the matter has been extinguished through satisfaction of the judgment, the individual subject matter of the case is no longer under the control of the court and the court cannot afford relief to the parties to the action." *Bankers Trust Co. of Cal., N.A. v. Tutin,* 9th Dist. No. 24329, 2009-Ohio-1333, at ¶16.

{¶10} However, many districts, including this one, have refused to moot a foreclosure action on appeal in certain situations, even when the judgment has already been satisfied through sale of the property and distribution of the proceeds. See, e.g., *LaSalle Bank Natl. Assn. v. Murray*, 179 Ohio App.3d 432, 2008-Ohio-6097, 902 N.E.2d 88 (7th Dist.); *Ameriquest Mortgage v. Wilson,* 11th Dist. No. 2006-A-0032, 2007-Ohio-2576; *Chase Manhattan Mtge. Corp. v. Locker,* 2d Dist. No. 19904, 2003-Ohio-6665; *MIF Realty L.P. v. K.E.J. Corp.* (May 19, 1995), 6th Dist. No. 94WD059 [1995 WL 311365].

{¶11} These cases mainly focus on the language found in R.C. 2329.45 and 2325.03 to justify entertaining the appeal. R.C. 2329.45 provides that: "[i]f a judgment in satisfaction of which lands, or tenements are sold, is reversed, such reversal shall not

defeat or affect the title of the purchaser. In such case restitution must be made by the judgment creditor of the money for which such lands or tenements were sold, with interest from the day of sale." Similarly, R.C. 2325.03 provides that title to property passing to a purchaser in good faith including a purchaser at a duly confirmed judicial sale is unaffected by an attack on the final judgment involving the property.

{¶12} Courts have interpreted this statutory language to mean that the appellants could still obtain a remedy from the appellee bank, even after distribution, through restitution, thus allowing a legally cognizable interest to survive. However, in most of the cases where appellate courts have refused to moot an already-executed foreclosure judgment, the analysis has stressed additional factors affecting the decision, namely when the appellants had at least requested a stay of the foreclosure judgment, or when confusion has arisen regarding multiple trial court orders.

{¶13} In *Murray*, the bank brought a foreclosure action and the homeowners filed and answer and counterclaim, yet the trial court granted default/summary judgment to the bank and dismissed mortgagors' counterclaim with prejudice. This Court refused to moot the appeal even though the property had been sold and the proceeds distributed, concluding R.C. 2329.45 and R.C. 2325.03 "provide a remedy to debtors after their property is foreclosed and title passed." Id. at ¶28. This Court reasoned the case was not moot because: " If, on remand, the Murrays prevail on the substantive merits of the case * * * then they may have recourse against LaSalle via R.C. 2329.45." Id. at ¶30.

{¶14} This Court differentiated *Murray* from a finding of mootness made in *Meadow Wind Health Care Ctr., Inc. v. McInnes*, 5th Dist. No. 2002CA00319, 2003-Ohio-979, because the appellants in *Murray* had requested a stay with the trial court. Id. at ¶26. Although this Court at first focused on this distinguishing fact, the remainder of the *Murray* opinion justifies not mooting the issue due to the applicability of R.C. 2329.45.Other Districts have explicitly held that a foreclosure action must be mooted where no stay has been requested. See, e.g., *Dietl v. Sipka*, 185 Ohio App.3d 218, 2009-Ohio-6225 (11th Dist.); *Bankers Trust Co. of Cal., N.A. v. Tutin,* 9th Dist. No. 24329, 2009-Ohio-1333, at ¶16. See, also, *Villas at Pointe of Settlers Walk Condominium Assn. v. Coffman Dev. Co., Inc.*, 12th Dist. No. CA2009-12-165, 2010-Ohio-2822, at ¶16

(agreeing with the reasoning of *Tutin* and *Dietl*, but otherwise concluding the facts in *Villas* were distinguishable from the facts in those two cases).

**{¶15}** These latter cases provide a different interpretation of the applicability of R.C. 2329.45, and *Tutin* specifically held that "R.C. 2329.45 does not even suggest that the appealing party also has a remedy after the distribution of the proceeds of the sheriff's sale, and it cannot reasonably be construed to preserve a controversy that has been extinguished." *Tutin* at ¶15. However, we need not revisit our holding in *Murray* in light of the Ninth District's decision in *Tutin*. The facts in this case are distinguishable from those in *Murray*, significantly, Anthony and Melissa admitted the mortgage was in default and the amount due, Melissa did not appeal the judgment, and Anthony did not file a motion for stay. The judgment here has been satisfied, and this case does not present an exception to the mootness doctrine. Accordingly, the appeal is dismissed as moot.

Vukovich, P.J., concurs.

Donofrio, J., concurs.