[Cite as *Art's Rental Equip., Inc. v. Bear Creek Constr., L.L.C.*, 2012-Ohio-5371.]

# IN THE COURT OF APPEALS

## FIRST APPELLATE DISTRICT OF OHIO

## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| ART'S RENTAL EQUIPMENT, INC., et al., | : | APPEAL NOS. C-110544[1] |
| | | C-110555 |
| | : | C-110558 |
| Plaintiffs, | | C-110559 |
| | : | C-110564 |
| and | | C-110785 |
| | : | C-110792 |
| BANK OF AMERICA, N.A., | | C-110797 |
| | : | C-110798[2] |
| Plaintiff-Appellee, | | C-110799 |
| | : | C-110800 |
| vs. | | C-110801 |
| | : | C-110808 |
| BEAR CREEK CONSTRUCTION, LLC, et al., | : | C-120309[3] |
| | : | |
| Defendants, | | TRIAL NOS. A-0902785 |
| | : | A-0903274 |
| and | | A-0903471 |
| | : | A-0904339 |
| RIVERBEND COMMERCIAL TITLE AGENCY, L.P., | | A-0904645 |
| | : | A-0904910 |
| | | A-0905279 |
| and | : | A-0905709 |
| PORT OF GREATER CINCINNATI DEVELOPMENT AUTHORITY, | : | |
| | : | *O P I N I O N.* |
| Appellees, | | |
| | : | |
| and | | |

---

[1] Defendants-appellants Kraft Electrical Contracting, Inc., Hicon, Inc., Central Insulation Systems, Inc., LaForce, Inc., MBJ Consultants, Inc., The Mark Madison Company, Tepe Environmental Services, LTD, Universal Cleaning, LLC, d.b.a. Universal Cleaning, Security Fence Group, Inc., The Painting Contractor, LLC, Triumph Signs and Consulting, Inc., Spohn Associates, Inc., Kelley Bros. Roofing, Inc., and Jarvis Mechanical Constructors, Inc., dismissed their appeal in the case numbered C-110544.
[2] Defendant-appellant Smith and Jolly Landscape and Design, Inc., dismissed its appeal in the case numbered C-110798.
[3] Defendant-appellant Kenwood Towne Place, LLC, dismissed its appeal in the case numbered C-120309.

KRAFT ELECTRICAL CONTRACTING, INC.,           :

HICON, INC.,                                   :

CENTRAL INSULATION SYSTEMS, INC.,

LAFORCE, INC.,                                 :

MBJ CONSULTANTS, INC.,                         :

THE MARK MADISON COMPANY,

TEPE ENVIRONMENTAL SERVICES, LTD,              :

UNIVERSAL CLEANING,

SECURITY FENCE GROUP, INC.,                    :

THE PAINTING CONTRACTOR, LLC,

TRIUMPH SIGNS AND CONSULTING, INC.,            :

SPOHN ASSOCIATES, INC.,                        :

KELLEY BROS. ROOFING, INC.,

JARVIS MECHANICAL CONSTRUCTORS, INC.,          :

ARCHITECTURAL GLASS & METAL CO., INC.,         :

BAKER CONCRETE CONSTRUCTION, INC.,             :

SOFCO ERECTORS, INC.,                          :

KENWOOD TOWNE PLACE, LLC,

J&B STEEL ERECTORS, INC.,                       :

SBF ASSET ACQUISITION, LLC,

SPECIALTY INTERIORS OF OHIO, INC.,             :

JOSTIN CONCRETE CONSTRUCTION,                  :

FORD DEVELOPMENT CORP.,

ALT & WITZIG ENGINEERING, INC.,                :

OK INTERIORS CORP.,

BARRETT PAVING MATERIALS,                      :

    **and**                 :

SMITH & JOLLY LANDSCAPE AND DESIGN, INC.,      :

                                :

        Defendants-Appellants.

Civil Appeal From:  Hamilton County Common Pleas Court

Judgment Appealed From Is:  Appeals Dismissed

Date of Judgment Entry on Appeal:  November 21, 2012

*Roetzel & Andress, LPA*, and *David G. Kern*, *Mayer Brown LLP*, *Lori E. Lightfoot* and *Chad M. Clamage*, for Plaintiff-Appellee Bank of America, N.A.,

*James E. Arnold & Associates, LPA*, *James E. Arnold, Gerhardt A. Gosnell II* and *Scott J. Stitt*, for Defendant-Appellee Riverbend Commercial Title Agency, LP,

*Squire Sanders (US) LLP*, *Scott A. Kane* and *Colter L. Paulson, Plunkett Cooney* and *Amelia A. Bower*, for Defendant-Appellee The Port of Greater Cincinnati Development Authority,

*Benjamin, Yocum & Heather, LLC*, *Thomas R. Yocum* and *Patrick M. O'Neill*, for Defendants-Appellants Kraft Electrical Contracting, Inc., Hicon, Inc., Central Insulation Systems, Inc., LaForce, Inc., MBJ Consultants, Inc., The Mark Madison Company, Tepe Environmental Services, Ltd., Universal Cleaning, Security Fence Group, Inc., The Painting Contractor, LLC, Triumph Signs and Consulting, Inc., Spohn Associates, Inc., Jarvis Mechanical Contractors, Inc., and Kelley Bros. Roofing, Inc.,

*Frost Brown Todd LLC*, *John S. Higgins* and *Shannah J. Morris*, for Defendants-Appellants Baker Concrete Construction, Inc., SOFCO Erectors, Inc., and Architectural Glass & Metal Company, Inc.,

*The Drew Law Firm Co., LPA*, *Anthony G. Covatta, Stephen A. Bailey, Robert M. Smyth* and *Joel M. Frederic*, for Defendant-Appellant Kenwood Towne Place, LLC,

*Gregory R. Wilson Co., L.P.A.*, and *Gregory R. Wilson*, for Defendants-Appellants J&B Steel Erectors, Inc., and SBF Asset Acquisition, LLC.,

*Kohnen & Patton, LLP*, *Kimberly A. Pramaggiore* and *Malinda L. Langston* for Defendant-Appellant Specialty Interiors of Ohio, Inc.,

*Graydon Head & Ritchey LLP*, and *Michael C. Surrey*, for Defendant-Appellant Jostin Concrete Construction,

*Robert W. Burns*, *Katzman, Logan, Halper & Bennett, LPA*, and *Kenneth B. Flacks*, for Defendants-Appellants Ford Development Corp., and Ford Development Corp., assignee of Barrett Paving Materials, Inc.,

*Finney, Stagnaro, Saba & Patterson, LPA,* and *Sean P. Donovan*, for Defendant-Appellant Alt & Witzig Engineering, Inc.,

*Michael J. Bergmann, LLC,* and *Michael J. Bergmann*, for Defendant-Appellant OK Interiors, Corp.,

*Morgan Smith* and *Tracy A. Smith*, for Defendant-Appellant Smith & Jolly Landscape and Design, Inc.

**Please note:  This case has been removed from the accelerated calendar.**

Per Curiam.

{¶1}   Defendants-appellants, holders of liens against property owned by Kenwood Towne Place, LLC ("KTP"), appeal the trial court's judgment in favor of plaintiff-appellee Bank of America ("the Bank") on its foreclosure and priority lien claims.  Because the judgment has been satisfied, we dismiss the appeals as moot.

{¶2}   On December 10, 2007, LaSalle Bank National Association, the predecessor in interest to the Bank, entered into a construction loan agreement with KTP to provide construction financing of up to $96,525,000 for a large, multi-use project consisting of prime retail and office space in Sycamore Township.  KTP's obligations under the loan were secured by a first priority mortgage lien and security interest in the property owned by KTP that comprised the project.

{¶3}   Construction began on the project, and the Bank provided funding of more than $79 million.  By late 2008, the Bank discovered that KTP had concealed millions of dollars in cost overruns and that the loan was out of balance.  Mechanic's liens were filed against the KTP property, primarily by subcontractors and material suppliers on the project. The Bank declared KTP in default of its note and mortgage, and filed this foreclosure action.

{¶4}   The Bank filed a motion for summary judgment on its foreclosure and priority lien claims, and the trial court granted the motion.  The court found that the Bank was the holder of a valid note and mortgage from KTP, and that KTP was in default of payment on the note and mortgage.

{¶5}   The defendants-appellants appealed.  Some of them filed a motion for a stay pending appeal.  The trial court ordered that the sale of the property be stayed conditioned

5

upon the posting of a bond prior to the sale. No bond was posted. The property was sold and the proceeds of the sale distributed.

{¶6} Following oral argument, this court ordered the parties to submit supplemental briefs addressing the issues of mootness and standing of the defendants-appellants to challenge the validity of the mortgage.

### Mootness

{¶7} Satisfaction of a judgment renders an appeal from that judgment moot. *See Blodgett v. Blodgett*, 49 Ohio St.3d 243, 245, 551 N.E.2d 1249 (1990); *see also Fifth Third Bank v. The Wallace Group*, 1st Dist. No. C-930699, 1994 Ohio App. LEXIS 4915 (Nov. 3, 1994); *Alexander v. MHL Ltd.*, 1st Dist. No. C-120063, 2012-Ohio-4046. The Ohio Supreme Court has explained:

> Where the court rendering judgment has jurisdiction of the subject-matter of the action and of the parties, and fraud has not intervened, and the judgment is voluntarily paid and satisfied, such payment puts an end to the controversy, and takes away from the defendant the right to appeal or prosecute error or even to move for vacation of judgment.

*Blodgett* at 245, quoting *Rauch v. Noble*, 169 Ohio St. 314, 316, 159 N.E.2d 451 (1959).

{¶8} A party has acted voluntarily in satisfying a judgment when the party fails to obtain a stay of the trial court's judgment pending appeal. *See Wiest v. Weigele*, 170 Ohio App.3d 700, 2006-Ohio-5348, 868 N.E.2d 1040 (1st Dist.), citing *Hagood v. Gail*, 105 Ohio App.3d 780, 664 N.E.2d 1373 (11th Dist.1995). If the appellant fails to obtain a stay of the judgment, the nonappealing party has the right to attempt to satisfy its judgment, even

though the appeal is pending. *See Wiest* at ¶ 12. If the judgment is satisfied, the appeal must be dismissed because the issues in the case have become moot. *Id.*, citing *Hagood*.

{¶9} In *Bankers Trust Co. of California, N.A. v. Tutin*, 9th Dist. No. 24329, 2009-Ohio-1333, the Ninth Appellate District held that "[i]n foreclosure cases, as in all other civil actions, after the matter has been extinguished through satisfaction of the judgment, the individual subject matter of the case is no longer under the control of the court and the court cannot afford relief to the parties to the action." *Id.* at ¶ 16; *see also Villas at the Pointe of Settlers Walk Condominium Assn., Inc. v. Coffman Dev. Co., Inc.*, 12th Dist. No. CA2009-12-165, 2010-Ohio-2822, ¶ 11; *Capitol Communications, Inc. v. GBS Corp.*, 1oth Dist. Nos. 10AP-08 and 10AP-09, 2010-Ohio-5964, ¶ 13; *Akron Dev. Fund I, Ltd. v. Advanced Coatings Internatl., Inc.*, 9th Dist. No. 25375, 2011-Ohio-3277, ¶ 29; *Dietl v. Sipka*, 185 Ohio App.3d 218, 2009-Ohio-6225, 923 N.E.2d 692, ¶ 21 (11th Dist.); *Aurora Loan Servs. v. Kahook*, 9th Dist. No. 24415, 2009-Ohio-2997, ¶ 7; *Bank One, N.A. v. Lent*, 5th Dist. No. 06CA000008, 2007-Ohio-1753, ¶ 11-12; *Atlantic Veneer Corp. v. Robbins*, 4th Dist. No. 03CA719, 2004-Ohio-3710, ¶ 17-18; *Meadow Wind Health Care Ctr., Inc. v. McInnes*, 5th Dist. No. 2002CA00319, 2003-Ohio-979, ¶ 6-8.

{¶10} The defendants-appellants contend that this matter is not moot because R.C. 2329.45 provides restitution as a remedy even after the foreclosed property is sold at a sheriff's sale. R.C. 2329.45 states:

> If a judgment in satisfaction of which lands, or tenements are sold, is reversed, such reversal shall not defeat or affect the title of the purchaser. In such case restitution must be made by the judgment creditor of the money for which such lands or tenements were sold, with interest from the day of sale.

{¶11} In support of their argument, the defendants-appellants cite several cases where courts have refused to dismiss as moot an appeal of a foreclosure action where the judgment had already been satisfied by sale of the property and distribution of the proceeds. *See, e.g., Chase Manhattan Mtge. Corp. v. Locker*, 2d Dist. No. 19904, 2003-Ohio-6665; *LaSalle Bank Natl. Assn. v. Murray*, 179 Ohio App.3d 432, 2008-Ohio-6097, 902 N.E.2d 88; *Ameriquest Mtge. Co. v. Wilson*, 11th Dist. No. 2006-A-0032, 2007-Ohio-2576; *but see Dietl*, *supra*, (a lienholder's interest in foreclosed property had been "extinguished and mooted" where the proceeds of the sale had been distributed.) But as the Ninth District pointed out in *Tutin*, "[t]hese courts have essentially interpreted R.C. 2329.45 as creating an exception to the mootness doctrine in foreclosure cases." *Tutin* at ¶ 11. We are not persuaded that the statute provides such an exception.

{¶12} The plain language of R.C. 2329.45 clearly contemplates its application to situations where the property has been sold and title has been transferred to a purchaser. *Id.* at ¶ 15. Nowhere does R.C. 2329.45 suggest that an appealing party has a remedy after the proceeds of the foreclosure sale have been distributed. Rather, the statute

> can only be construed to address appeals that have been taken from the confirmation of sale and the appealing party sought and obtained a stay of the distribution of proceeds pursuant to Civ.R. 62(B) and App.R. 7(A). In those situations, although the property has been sold and the sale confirmed, a successful appellant will have the remedy of restitution because the proceeds of the sale are still held under the jurisdiction and control of the court.

*Id.*

{¶13} In this case, the property was sold at sheriff's sale, the trial court confirmed the sale, and the proceeds have been distributed. The defendants-appellants failed to obtain

a stay of the trial court's judgment, and they did not post an appeal bond. The judgment has been satisfied, and the proceeds of the sale are no longer under the jurisdiction and control of the court. Therefore, the appeals must be dismissed as moot.

{¶14} We sua sponte dismiss the appeals in the cases numbered C-110558 and C-110800 pursuant to App.R. 18(C) as no briefs have been filed.

Appeals dismissed.

**HILDEBRANDT, P.J., SUNDERMANN and HENDON, JJ.**

Please note:

The court has recorded its own entry on the date of the release of this opinion.