NOT RECOMMENDED FOR PUBLICATION
File Name: 16a0524n.06

**FILED**
Sep 09, 2016
DEBORAH S. HUNT, Clerk

**No. 15-3524**

## UNITED STATES COURTS OF APPEALS
## FOR THE SIXTH CIRCUIT

MSCI 2007-IQ16 GRANVILLE RETAIL, LLC,    )
    Plaintiff-Appellee,    )
        )
v.    )    ON APPEAL FROM THE
        )    UNITED STATES DISTRICT
UHA CORPORATION, LLC,    )    COURT FOR THE SOUTHERN
        )    DISTRICT OF OHIO
    Defendant-Appellant.    )
        )    OPINION
        )
        )

**BEFORE:** **DAUGHTREY, MOORE, and STRANCH, Circuit Judges.**

**STRANCH, Circuit Judge.** Following UHA Corporation, LLC's default on a commercial loan, MSCI 2007-IQ16 Granville Retail, LLC sought in this diversity action to foreclose and sell mortgaged premises in Ohio's Delaware, Fairfield, and Franklin Counties. The district court granted summary judgment to MSCI. While this appeal was pending, the property was sold and distributed, and the sale and distribution was confirmed by the district court. MSCI now files a motion to dismiss the appeal as moot. UHA responds with a motion to certify the mootness question to the Ohio Supreme Court. We **GRANT** MSCI's motion, **DENY** UHA's motion, and **DISMISS** the appeal as moot.

## I.    BACKGROUND

MSCI's predecessor, Bank of America, National Association, originally filed this action. UHA petitioned for bankruptcy shortly thereafter, prompting the district court to stay the case.

Two years later, following Bank of America's notice that the bankruptcy petition had been dismissed, the case was reopened. MSCI, to which the loan documents at issue had been transferred during the bankruptcy stay, moved to be substituted as plaintiff under Federal Rule of Civil Procedure 25(c). The district court entered an "agreed order" substituting MSCI.

MSCI eventually moved for summary judgment, which the district court granted, finding that MSCI owns and holds the note and mortgages on which UHA defaulted and is entitled to foreclose and sell the properties. Pursuant to the court's opinion and order, MSCI submitted, and the court later adopted over UHA's objections, a proposed judgment entry and decree in foreclosure. The court noted that UHA owed MSCI more than $13,000,000.

UHA timely appealed, alleging a number of errors by the district court. Because the judgment entry and decree determined the rights and obligations of the parties and lienholders; fixed a certain amount to be paid to MSCI that would be supplemented with future interest accrued, advances made, and other contractual obligations; and identified the property to be sold in satisfaction of that debt, it is a final decision within the meaning of 28 U.S.C. § 1291. *See, e.g.*, *N.C. R.R. Co. v. Swasey*, 90 U.S. 405, 409–10 (1874) (citing *Whiting v. Bank of the U.S.*, 38 U.S. (13 Pet.) 6 (1839)); *Citicorp Real Estate, Inc. v. Smith*, 155 F.3d 1097, 1101 (9th Cir. 1998); *Citibank, N.A. v. Data Lease Fin. Corp.*, 645 F.2d 333, 337–38 (5th Cir. 1981); *CitiMortgage, Inc. v. Roznowski*, 11 N.E.3d 1140, 1145–46 (Ohio 2014); *see also HSBC Bank USA, N.A. v. Townsend*, 793 F.3d 771, 781–797 (7th Cir. 2015) (Hamilton, J., dissenting). *But see HSBC Bank USA, N.A.*, 793 F.3d at 773–781 (majority opinion). Thus, we had jurisdiction over the appeal when it was filed.

While the appeal was pending, UHA failed to move for a stay or post a supersedeas bond, despite the district court's directing the parties to address "whether or not further proceedings in

this action must be stayed pending resolution of [UHA's] appeal." In the absence of a stay, the special master offered the property for sale, and MSCI successfully purchased it and then assigned its bid to four separate entities. The district court confirmed the sale and distribution of the property over UHA's objection. Special master deeds were executed and recorded thereafter.

## II.     ANALYSIS

MSCI now moves for dismissal of the appeal as moot. "[F]ederal jurisdiction under Article III, Section 2 of the United States Constitution extends only to actual cases and controversies." *United States v. City of Detroit*, 720 F.2d 443, 448 (6th Cir. 1983) (citations omitted). "It is basic principle of Article III that a justiciable case or controversy must remain extant at all stages of review, not merely at the time the complaint is filed." *Ky. Riverkeeper, Inc. v. Rowlette*, 714 F.3d 402, 406 (6th Cir. 2013) (quoting *Decker v. Nw. Envtl. Def. Ctr.*, 133 S. Ct. 1326, 1335 (2013)). Accordingly, we are not empowered to decide moot issues. *City of Detroit*, 720 F.2d at 448 (citations omitted); *see also United States v. Alaska S. S. Co.*, 253 U.S. 113, 116 (1920). "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party, and a change in circumstances that renders a court unable to grant petitioners meaningful relief may prudentially moot an action." *Ky. Riverkeeper, Inc.*, 714 F.3d at 406 (citations and quotation marks omitted).

Under Ohio law, if a judgment is voluntarily paid and satisfied, the "satisfaction of judgment renders an appeal from that judgment moot." *Blodgett v. Blodgett*, 551 N.E.2d 1249, 1250 (Ohio 1990) (citations omitted); *see also Schiller v. Penn Cent. Transp. Co.*, 509 F.2d 263, 266 (6th Cir. 1975) ("Because the judgment has been discharged the appeal therefrom under Ohio law has become moot."). "[T]he mere filing of a notice of appeal without a stay order does not deprive the trial court of authority to enforce its judgment." *White v. White*, 362 N.E.2d

1013, 1019 (Ohio Ct. App. 1977). And where, as here, an appellee successfully collects on a judgment after the appellant fails to request a stay, Ohio courts consider the appellant to have satisfied the judgment voluntarily—which, again, renders moot the pending appeal. *See, e.g.*, *Wiest v. Wiegele*, 868 N.E.2d 1040, 1043 (Ohio Ct. App. 2006) (citing *Hagood v. Gail*, 664 N.E.2d 1373, 1376–77, 1380 (Ohio Ct. App. 1995)); *Art's Rental Equip. Inc. v. Bear Creek Constr.*, Nos. C-110544, 2012 WL 5870509, at *1–2 (Ohio Ct. App. Nov. 21, 2012). Consistent with Ohio law, our sister circuits have routinely dismissed appeals as moot where the property at issue is sold during the pendency of the appeal. *See, e.g.*, *Vegas Diamond Props., LLC v. FDIC*, 669 F.3d 933, 936–37 (9th Cir. 2012); *Christopher Vill., Ltd. P'ship v. Retsinas*, 190 F.3d 310, 314–15 (5th Cir. 1999). As the Seventh Circuit explained,

> The rule that if a district court judgment authorizes the sale of property and the property is sold to a good faith purchaser during the pendency of the appeal because the appellant failed to obtain a stay of the enforcement of the judgment, the sale of the property moots the appeal of the judgment ordering the sale, is an application of the general rule that, "if an event occurs while an appeal is pending that renders it impossible for an appellate court to grant any relief or renders a decision unnecessary, the appeal will be dismissed as moot."

*FDIC v. Meyer*, 781 F.2d 1260, 1263–64 (7th Cir. 1986) (citation omitted).

In response to MSCI's motion to dismiss the appeal as moot, UHA cites a line of Ohio cases finding that the confirmed sale of the property at issue did not moot the pending appeal because Ohio Revised Code § 2329.45 preserved the possibility of restitution. *See* Ohio Rev. Code Ann. § 2329.45 ("If a judgment in satisfaction of which lands, or tenements are sold, is reversed, such reversal shall not defeat or affect the title of the purchaser. In such case restitution must be made by the judgment creditor of the money for which such lands or tenements were sold, with interest from the day of sale."). Arguing that these cases conflict with

the principles outlined above, UHA moves us to certify the issue to the Ohio Supreme Court to resolve.

But the cases cited by UHA, in which there was a possibility of restitution, are inapposite because UHA cannot obtain restitution. Those cases presume that appellant sought a stay. *See U.S. Bank Nat'l Ass'n v. Mobile Assocs. Nat'l Network Sys., Inc.*, 961 N.E.2d 715, 720 (Ohio Ct. App. 2011); *LaSalle Bank Nat'l Ass'n v. Murray*, 902 N.E.2d 88, 92 (Ohio Ct. App. 2008); *see also Everhome Mortg. Co. v. Baker*, No. 10AP-534, 2011 WL 2586751, at *3–4 (Ohio Ct. App. June 30, 2011) (not stating whether appellant sought a stay, but relying on the reasoning of *Ameriquest Mortgage Co. v. Wilson*, No. 2006-A-0032, 2007 WL 1535242 (Ohio Ct. App. May 25, 2007), in which appellant did seek a stay). And Ohio case law confirms that failure to seek a stay is fatal to receiving restitution under § 2329.45. *See, e.g.*, *Bayview Loan Servicing, LLC v. Salem*, No. 27460, 2015 WL 4005890, at *2 (Ohio Ct. App. June 20, 2015) ("[The appellant] never sought a stay of the distribution of the proceeds in the trial court. Accordingly, [§] 2329.45 does not apply."); *Ameriquest Mortg. Co.*, 2007 WL 1535242, at *2 ("Restitution is appropriate in cases such as these, where the foreclosed property has been sold, and the appellant filed for a stay, but was unsuccessful due to his or her failure to post a supersedeas bond." (citations omitted)).

Read together, the Ohio cases cited by the parties are consistent. Because UHA did not seek a stay, and MSCI enforced the judgment by selling the property and distributing the proceeds, satisfaction of the judgment renders this appeal moot. That the Ohio Supreme Court has declined to take up UHA's alleged split in state law supports our finding that there is no conflict, as well as MSCI's argument that we should decline to certify the question. *See, e.g.*, *Art's Rental Equip., Inc. v. Bear Creek Constr., LLC*, 984 N.E.2d 1102 (Ohio 2013) (denying

review of appeal); *Saxon Mortg. Servs. v. Whitely*, 998 N.E.2d 1176 (Ohio 2013) (finding that no conflict exists on review of order certifying conflict). Moreover, even if Ohio law were inconsistent, this case is not an appropriate vehicle for certification. UHA cannot obtain restitution here because its debt to MSCI is two times greater than the appraisal price for the foreclosed properties, and thus any restitution would simply offset that debt.

### III.    CONCLUSION

In sum, because we can no longer grant any effectual relief, this appeal must be dismissed as moot. UHA's motion to certify is denied.