WIEST, Appellant,

v.

WIEGELE, Appellees.

[Cite as *Wiest v. Wiegele,* 170 Ohio App.3d 700, 2006-Ohio-5348.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–050880.

Decided Oct. 13, 2006.

Lindhorst & Dreidame and Joshua J. Nolan, for appellant.

Schroeder, Maundrell, Barbiere & Powers, Christopher L. Moore, Lawrence E. Barbiere, and Derek W. Scranton, for appellees.

MARK P. PAINTER, Judge.

{¶ 1} This case is a civil-procedure nightmare. An amended complaint was not answered. Judgment was contested before being entered. The trial court denied a motion for relief from judgment, then granted a motion for relief from judgment, then vacated that judgment, and then granted it again—though the last three times it had no jurisdiction. An appeal was filed without a stay, and the plaintiff then got the money.

{¶ 2} With our decision today, this case is finally over. But then, we thought that last time.

## I. The Launch into a Procedural Abyss

{¶ 3} In September 2004, plaintiff-appellant Christopher Wiest sued defendants-appellees Thomas and Larry Wiegele for failure to timely return a security deposit. Thomas Wiegele answered the complaint and claimed that Wiest's security deposit was being withheld because of the condition of the property. Wiest then amended his complaint and alleged that the property had a diminished value because of the lifestyle of previous tenants.

{¶ 4} Wiest claimed that the rental property had various problems when he and his roommates took possession. These conditions included roach infestation, a malfunctioning front door that would not lock, holes in the front-room window, flooding in the basement, and prolonged periods without heat. Wiest argued that in addition to the Wiegeles' failure to fulfill their maintenance duties as landlords, they also failed to return his security deposit. And Wiest contended that the Wiegeles had already received a judgment against prior tenants for causing some of these problems. He therefore asserted that the Wiegeles were seeking a double recovery by citing the same problems as justification for refusing to refund Wiest's security deposit.

{¶ 5} Because neither Thomas nor Larry Wiegele answered the amended complaint, Wiest filed a "default judgment/summary judgment" motion, supported by four affidavits, in December 2004. On January 12, 2005, a magistrate granted Wiest's motion. Twelve days later, the Wiegeles' attorney filed a notice of appearance. But the Wiegeles did not file any objections to the magistrate's recommended judgment for Wiest, which then had not been acted on by the trial court. Instead, they filed a Civ.R. 60(B) motion for relief from (a nonexistent) judgment and a motion for an extension of time to object to the magistrate's decision. The trial court (perhaps unaware of the pending motions) then approved the magistrate's decision on February 2, 2005, rendering an $8,530 judgment for Wiest, without ruling on the Wiegeles' motions.

{¶ 6} Six weeks after the trial court approved the magistrate's decision, it denied the Wiegeles' Civ.R. 60(B) motion. The Wiegeles then filed (1) a motion for the court to "reconsider" its ruling on their Civ.R. 60(B) motion and a motion asking the trial court to rule on their pending motion for an extension of time to object to the magistrate's decision, which had already blossomed into the judgment the Civ.R. 60(B) motion was directed against, and (2) a notice of appeal with this court without seeking or obtaining a stay of execution or posting a supersedeas bond.

## II. But the Money Is Gone

{¶ 7} Wiest then garnisheed the Wiegeles' checking and savings accounts at Winton Savings and Loan, receiving $12,500—the full amount of the judgment and costs up to that point.

{¶ 8} Then on April 27, 2005, the trial court granted the Wiegeles' motion for reconsideration on the Civ.R. 60(B) ruling—but then realizing that this matter was currently here on appeal, it vacated that order for lack of jurisdiction on May 18, 2005. The Wiegeles filed other motions regarding the garnishment, all of which were denied by a magistrate.

{¶ 9} In the meantime, Wiest had received the garnisheed funds and filed an entry of satisfaction of the judgment.

{¶ 10} Because of the satisfaction of the judgment, Wiest moved this court to dismiss the Wiegeles' appeal. On June 29, 2005, we granted Wiest's motion, dismissing the Wiegeles' appeal as moot.[1] The Wiegeles did not appeal our judgment to the Ohio Supreme Court. Instead, on June 23, 2005, they filed another motion for a ruling on pending motions in the trial court, despite its lack of jurisdiction.

{¶ 11} Astoundingly, the trial court granted the Wiegeles' motion to reconsider its ruling on their Civ.R. 60(B) motion and granted relief from judgment. The trial court did so improperly.

## III. When It's Over It's Over

{¶ 12} It is a well-established principle of law that satisfaction of a judgment renders an appeal from that judgment moot.[2] " 'Where the court rendering judgment has jurisdiction of the subject-matter of the action and of the parties, and fraud has not intervened, and the judgment is voluntarily paid and satisfied, such payment puts an end to the controversy, and takes away * * * the right to appeal or prosecute error or even to move for vacation of judgment.' "[3] And if an appellant neglects to obtain a stay of the judgment, the nonappealing party has the right to attempt to obtain satisfaction of the judgment even though the appeal is pending. When "the nonappealing party is successful in obtaining

1. See *Wiest v. Wiegele* (June 29, 2005), 1st Dist. No. C–050314.

2. See *Blodgett v. Blodgett* (1990), 49 Ohio St.3d 243, 245, 551 N.E.2d 1249.

3. *Rauch v. Noble* (1959), 169 Ohio St. 314, 316, 8 O.O.2d 315, 159 N.E.2d 451, quoting *Lynch v. Lakewood City School Dist. Bd. of Ed.* (1927), 116 Ohio St. 361, 156 N.E. 188, paragraph three of the syllabus.

**704** 

satisfaction of the judgment, the appeal must be dismissed because the issues raised in the appeal have become moot." [4]

 {¶ 13} The issue presented in the first appeal was the voluntariness of the so-called satisfaction of the judgment. The Wiegeles did not voluntarily satisfy the judgment by paying damages. Instead, Wiest was able to satisfy the judgment through garnishment of funds from the Wiegeles' bank accounts. Yet a party is considered to have acted voluntarily in satisfying a judgment when the party fails to seek a stay order while appealing the trial court's judgment.[5]

{¶ 14} Because the Wiegeles did not seek a stay order and did not post a supersedeas bond, Wiest was able to obtain satisfaction of the judgment. We dismissed the appeal because the issue had become moot—the case was over. No further proceedings, including moving to vacate a judgment already satisfied, were possible.[6]

 {¶ 15} And the law-of-the-case doctrine provides that a reviewing court's decision in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and the reviewing levels.[7] "[T]he rule is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution." [8]

{¶ 16} Here, the trial court operated outside its jurisdiction when it granted the motion to "reconsider" (although that motion does not exist in the trial court) the Wiegele's Civ.R. 60(B) motion after we had dismissed the appeal as moot. The case was over. It is again.

Judgment reversed.

HILDEBRANDT, P.J., concurs.

Judge RUPERT A. DOAN was a member of the panel, but died before the release of this decision.

---

4. *Hagood v. Gail* (1995), 105 Ohio App.3d 780, 785, 664 N.E.2d 1373.

5. Id. at 790, 664 N.E.2d 1373.

6. See *Rauch v. Noble* (1959), 169 Ohio St. 314, 316, 8 O.O.2d 315, 159 N.E.2d 451.

7. See *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 3, 11 OBR 1, 462 N.E.2d 410.

8. Id., citing *State ex rel. Potain v. Mathews* (1979), 59 Ohio St.2d 29, 32, 13 O.O.3d 17, 391 N.E.2d 343.