[Cite as *Alexander v. MHL Ltd.*, 2012-Ohio-4046.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| ADAM ALEXANDER, | : | APPEAL NO. C-120063<br>TRIAL NO. 08CV-21953 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| MHL LTD., | : | |
| Defendant-Appellant, | : | |
| and | : | |
| LJF MANAGEMENT INC., | : | |
| Defendant. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Appeal Dismissed

Date of Judgment Entry on Appeal: September 7, 2012

*The Blessing Law Firm* and *David S. Blessing*, for Plaintiff-Appellee,

*McIntosh and McIntosh, PLLC,* and *Brian McIntosh*, for Defendant-Appellant.

Please note:  This case has been removed from the accelerated calendar.

**J. HOWARD SUNDERMANN**, Presiding Judge.

{¶1} This is the third appeal in a landlord-tenant dispute between plaintiff-appellee Adam Alexander and his former landlord, defendant-appellant MHL Ltd. Because Alexander voluntarily entered a satisfaction of judgment and release of all claims against MHL Ltd. prior to this court's opinion in Alexander's second appeal, *Alexander v. LJF Mgmt. Inc*, 1st Dist. No. C-100618, 2011-Ohio-2532. ("*Alexander II*"), we vacate our decision in *Alexander II* and dismiss Alexander's appeal in that case as moot. We further dismiss MHL Ltd.'s current appeal as moot.

### I. Alexander's First Appeal

{¶2} Alexander sued MHL Ltd. and defendant LJF Management Inc. in small claims court for their failure to timely return a $500 security deposit and a $100 pet deposit after his lease had expired and he had vacated the premises. MHL Ltd. denied the allegations in Alexander's complaint and filed a counterclaim against Alexander alleging that he had damaged the apartment. Shortly thereafter, Alexander retained counsel and moved to transfer the case to the municipal court.

{¶3} The case was referred to a magistrate for a bench trial. The magistrate issued a decision recommending that Alexander's claims against LJF Management Inc. be dismissed for lack of service. The magistrate further recommended that Alexander be awarded judgment on his claim and MHL Ltd.'s counterclaim in the amount of $1,144 plus $1,000 in attorney fees. MHL Ltd. and Alexander filed objections. Alexander, who was seeking $2,516.75 in attorney fees, objected only to the attorney-fee award. He claimed that the magistrate had failed to consider the factors outlined by the Ohio Supreme Court in *Bittner v. Tri-County Toyota Inc.*, 58 Ohio St.3d 143, 145, 569 N.E.2d 464 (1991).

{¶4}    The trial court adopted in part and overruled in part the magistrate's decision.  The trial court overruled MHL Ltd.'s objections, and adopted that portion of the magistrate's decision granting judgment to Alexander for $1,144 plus attorney fees and costs.  The trial court granted Alexander's objection in part, overruling the $1,000 attorney-fee award and referring the matter to the magistrate with instructions to apply the *Bittner* factors.

{¶5}    The magistrate issued a second decision reducing the attorney-fee award to Alexander to $875.  Alexander filed objections. The trial court then issued three conflicting judgment entries: one entry approved an $875 attorney-fee award, a second entry approved a $1,000 attorney-fee award, and a third entry overruled an objection to the magistrate's second decision, but did not adopt, modify, or reject the magistrate's decision.

{¶6}    Alexander appealed, challenging the trial court's award of attorney fees. But we dismissed Alexander's appeal for lack of a final appealable order, concluding that two of the three entries were "clearly equivocal and inconsistent" and that the third entry did not comport with Civ.R. 53(D), 54(A), and 58(A).  *See Alexander v. LJF Mgmt. Inc.*, 1st Dist. No. C-090091, 2010-Ohio-2763, ¶ 10-16. ("*Alexander I*").

### II. Alexander's Second Appeal

{¶7}     Following our decision in *Alexander I*, the trial court entered judgment for Alexander on his claim and MHL Ltd.'s counterclaim, awarding him $1,144 in damages, costs, and $875 in attorney fees. On September 16, 2010, Alexander appealed the trial court's attorney-fee award.   Four days later, on September 20, 2010, Alexander filed a certificate of judgment against MHL Ltd.  On October 20, 2010, Alexander asked the clerk to release the September 20, 2010,

certificate of judgment against MHL Ltd. because of a clerical error. That same day, his attorney filed an amended certificate of judgment against MHL Ltd.

{¶8} In the meantime, the municipal court clerk filed the transcript of the docket and journal entries on November 19, 2010. This court held oral argument on April 27, 2011. One month later, we released *Alexander II,* reversing the trial court's judgment awarding Alexander $875 in attorney fees because the trial court had failed to consider the time Alexander's counsel had spent post trial in calculating the attorney-fee award. We remanded the case to the trial court for a calculation of attorney fees in a manner consistent with our opinion. *See Alexander II*, 2011-Ohio-2532, at ¶ 20-22.

### III. Trial Court Proceedings Following Our Remand

{¶9} Following our remand, Alexander filed an amended application for attorney fees. A magistrate awarded Alexander $6,786.75 in attorney fees. At MHL Ltd.'s request, the magistrate issued written findings of fact and conclusions of law. MHL Ltd. then filed objections, arguing that the attorney-fee award was not rationally related to the amount of the security deposit it had withheld. The trial court overruled MHL Ltd.'s objections, and adopted the magistrate's decision. MHL Ltd. now appeals.

### IV. MHL Ltd.'s Current Appeal

{¶10} In two interrelated assignments of error, MHL Ltd. argues that the trial court erred in awarding Alexander additional attorney fees. We do not reach the merits of MHL Ltd.'s arguments because the subject matter of the parties' dispute—the amount of the attorney-fee award—no longer exists.

{¶11} After Alexander had filed his second notice of appeal and the transcript of the docket and journal entries had been filed, the trial court journalized

4

a stipulated entry, which provided "by agreement of the parties, the clerk of courts is hereby directed to release to Plaintiff Adam Alexander the amount of $2,320 which was posted with the court by Defendant MHL LTD. on December 22, 2010." On March 15, 2011, Alexander's attorney filed an entry of satisfaction and release of judgment, which provided as follows: "[t]he judgment in this matter having been compromised or paid in full, the clerk of courts is authorized to enter this satisfaction and release the judgment entered in favor of Plaintiff Adam Alexander and against MHL Ltd. on September 20, 2010 and amended on October 20, 2010."

{¶12} This court heard oral argument on Alexander's second appeal on April 27, 2011, and issued *Alexander II*, an opinion on the merits, one month later. At no time during the pendency of that appeal did counsel for Alexander or MHL Ltd. notify this court of the entry of satisfaction and release of judgment that Alexander had filed. Had counsel notified this court of the entry of satisfaction and release, we would have dismissed Alexander's second appeal as moot based upon the Ohio Supreme Court's decision in *Blodgett v. Blodgett*, 49 Ohio St.3d 243, 551 N.E.2d 1249 (1990); *see also Wiest v. Wiegele*, 170 Ohio App.3d 700, 2006-Ohio-5348, 868 N.E.2d 1040, ¶ 10 (1st Dist.).

{¶13} In *Blodgett*, the Ohio Supreme Court held that a party's execution of a satisfaction of judgment waives that party's right to continue its appeal. The court expressly stated that

> [w]here the court rendering judgment has jurisdiction of the subject-
> matter of the action and of the parties, and fraud has not intervened,
> and the judgment is voluntarily paid and satisfied, such payment puts
> an end to the controversy, and takes away from the defendant the right

5

to appeal or to prosecute error or even to move for vacation of the judgment.

See *Blodgett* at 245, quoting *Rauch v. Noble*, 169 Ohio St. 314, 316, 159 N.E.2d 451 (1959).

{¶**14**} By accepting payment from MHL Ltd. and voluntarily placing an entry of satisfaction releasing the underlying judgment, Alexander terminated his own appeal on the attorney-fee issue he had raised in *Alexander II. See Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 5th Dist No. 2003CA00366, 2003-Ohio-7281, ¶ 21 (holding that the *Blodgett* "analysis applies equally to a plaintiff who accepts payment in satisfaction of a judgment"); *see also Pieper v. Pieper*, 1st Dist. No. C-900048, 1991 Ohio App. LEXIS 327, *3-6. We, therefore, vacate our opinion in *Alexander II* and dismiss Alexander's appeal in that case as moot. We further dismiss MHL Ltd.'s current appeal as moot.

Appeal Dismissed.

**CUNNINGHAM** and **FISCHER, JJ.,** concur.

Please note:
    The court has recorded its own entry this date.