[Cite as *Queensgate Terminals, L.L.C. v. Cincinnati*, 2013-Ohio-4219.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| QUEENSGATE TERMINALS, LLC, | : | APPEAL NOS. C-110653 |
| | | C-110671 |
| Plaintiff-Appellant/Cross-Appellee, | : | TRIAL NOS. A-0708182 |
| | | A-0907363 |
| | : | A-0909060 |
| vs. | | |
| | : | |
| THE CITY OF CINCINNATI, | | *O P I N I O N.* |
| | : | |
| Defendant-Appellee/Cross-Appellant. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Dismissed

Date of Judgment Entry on Appeal: September 27, 2013

*Taft, Stettinius & Hollister LLP, W. Stuart Dornette* and *Emily C. McNicholas,* for Plaintiff-Appellant/Cross-Appellee,

*Terrance A. Nestor,* Chief Counsel, City of Cincinnati Solicitor's Office, for Defendant-Appellee/Cross-Appellant.

Please note: these consolidated cases have been removed from the accelerated calendar.

Per Curiam.

{¶1}   Appellant/cross-appellee Queensgate Terminals, LLC ("Queensgate"), and appellee/cross-appellant the city of Cincinnati each appeal from the trial court's entries of judgment in these cases to determine the measure of damages due Queensgate for the city's denial of access to an abutting public road.  Because the judgments have been satisfied, we dismiss the appeals as moot.

{¶2}   The Ohio Supreme Court affirmed this court's granting of a writ of mandamus to compel the city to institute an appropriation proceeding to determine the compensation due to Queensgate for the city's September 12, 2005 taking.  *See State ex rel. Hilltop Basic Resources, Inc. v. Cincinnati*, 118 Ohio St.3d 131, 2008-Ohio-1966, 886 N.E.2d 839, ¶ 41.  The city had denied Queensgate and its lessor, Hilltop Basic Resources, Inc., a curb cut, denying them access to their riverfront property from an abutting public road.  The city initiated the appropriation action, and it was consolidated with other litigation in the trial court under the case numbered A-0708182.

{¶3}   On March 2, 2010, the trial court ordered the city to deposit $1,680,783 with the court to secure the recovery of Queensgate's anticipated damages.  From March 15 to March 21, 2011, the trial court conducted a jury trial on the matter.  On March 22, 2011, the jury returned a verdict of $500,000 for Queensgate.  The same day, the trial court issued an order of distribution of the deposited funds.  Queensgate received the full amount of its judgment plus interest.  And the city received the remainder of the deposited funds.

{¶4}   The gravamen of each appeal is that the trial court erred in instructing the jury on how to compute the damages due to Queensgate for the city's taking.  Queensgate argued that the trial court erred in admitting evidence of the city's $5 million settlement with Hilltop, and in admitting evidence of events that took place

after the date of the taking. The city argued, inter alia, that Queensgate's rights in the appropriation action had been determined by its lease, which contained a condemnation clause limiting its recovery to its improvements, equipment, and relocation expenses.

{¶5} But the satisfaction of a judgment renders an appeal from a judgment moot. *See Blodgett v. Blodgett*, 49 Ohio St.3d 243, 245, 551 N.E.2d 1249 (1990); *see also Wiest v. Wiegele*, 170 Ohio App.3d 700, 2006-Ohio-5348, 868 N.E.2d 1040, ¶ 12 (1st Dist.); *Art's Rental Equip., Inc. v. Bear Creek Constr., LLC*, 1st Dist. Hamilton Nos. C-110544, C-110555, C-110558, C-110559, C-110564, C-110785, C-110792, C-110797, C-110798, C-110799, C-110800, C-110801, C-110808, and C-120309, 2012-Ohio-5371, ¶ 7. Absent a fraud upon the court, where a judgment has been voluntarily paid and satisfied, that payment puts an end to the controversy. It takes away "the right to appeal or prosecute error or even to move for vacation of judgment." *Blodgett* at 245, quoting *Rauch v. Noble*, 169 Ohio St. 314, 316, 159 N.E.2d 451 (1959).

{¶6} A party acts voluntarily in satisfying a judgment when it fails to obtain a stay of the trial court's judgment pending appeal. *See Wiest* at ¶ 12. If a party seeking an appeal fails to obtain a stay of the judgment, and the judgment is satisfied, the appeal must be dismissed because the issues in the case have become moot. *See id.,* citing *Hagood v. Gail*, 105 Ohio App.3d 780, 664 N.E.2d 1373 (11th Dist.1995). In *Rauch,* a highway-appropriation action under former R.C. Chapter 5519, the director of highways had placed funds with the clerk of courts to cover the judgment awarded to a landowner. After the full amount of the judgment had been distributed to the landowner, the Ohio Supreme Court dismissed the director's appeal, holding that because the judgment had been distributed to the landowner by

3

order of the court, "[t]he litigation was, therefore, terminated, and the cause [had] become moot." *Rauch* at 316.

{¶7}  Here, on the same day that the jury returned a verdict awarding Queensgate $500,000 in damages, Queensgate and the city appeared before the trial court.  Queensgate sought distribution of its award from the deposited funds. Queensgate offered a suggested amount of interest due, and the city did not oppose Queensgate's calculations.  Although the city initially suggested that the court hold the funds or require a bond to be posted, it did not pursue the matter.  The city's principal response to Queensgate's request was that if the court released the funds, the city "would like the balance of funds [already deposited] released to the City of Cincinnati."  The court agreed and journalized its order of distribution providing an immediate distribution of $667,038 to Queensgate with the balance to the city.

{¶8}  The certified copy of the trial court's docket and journal entries reflects that on the same day, March 22, 2011, the clerk of court issued checks to Queensgate in the amount of $667,038 and to the city in the amount of $936,837.17.

{¶9}  Although the trial court did not enter judgment on the jury's verdict until July 6, 2011, at no time after the March 22 order of distribution did Queensgate or the city seek a stay or post a supersedeas bond in either the trial court or in this court.

{¶10}  In its reply brief, the city argued that the appeals had become moot with the distribution of the funds.  At oral argument, Queensgate's counsel argued that the appeals were not moot because, under R.C. 163.06(C), withdrawal of the deposited funds would not "interfere with the action."  But it is clear that R.C. 163.06(C) does not abrogate the general rule that satisfaction of a judgment renders an appeal moot.

4

{¶11} R.C. 163.06 provides a procedure whereby a public agency appropriating contested property deposits with the court the value of the property appropriated. The property owner may receive withdrawals as needed, for example, to maintain the property during the litigation. R.C. 163.06(C) permits the owner to withdraw those funds during the action, "except that the sum so withdrawn shall be deducted from the sum of the final verdict or award." Thus the ability to withdraw funds ends with the entry of judgment or the award of damages.

{¶12} From that point on, R.C. 163.19 provides that appealing parties must follow the general rule: "any party may prosecute appeals as in other civil actions from the judgment of the court. The owner may request, and the court may grant, a stay on appeal, provided that the owner posts a supersedeas bond in an amount the court determines."

{¶13} Here, the jury awarded Queensgate $500,000 in compensation for the taking that occurred on September 12, 2005. The deposited proceeds have been distributed. Neither party has sought a stay of the trial court's order of distribution or of its judgment. Neither party has posted an appeal bond. The jury's award has been satisfied, and the funds deposited by the city to secure Queensgate's anticipated recovery are no longer under the jurisdiction and control of the court. Therefore, the appeals must be dismissed as moot. *See Art's Rental Equip.,* 2012-Ohio-5371, at ¶ 13; *see also Rauch*, 169 Ohio St. at 316, 159 N.E.2d 451.

Judgment dismissed.

**HILDEBRANDT, P.J., HENDON** and **CUNNINGHAM, JJ.**

Please note:

The court has recorded its own entry on the date of the release of this opinion.