[Cite as *Burton Carol Mgt., L.L.C. v. Ziegler*, 2015-Ohio-4926.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| BURTON CAROL MANAGEMENT, LLC, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-L-010** |
| IRM B. ZIEGLER, et al., | : | |
| Defendants-Appellants. | : | |

Civil Appeal from the Mentor Municipal Court, Case No. 14 CVG 00227.

Judgment: Appeal dismissed.

*Michael D. Linn*, and *James J. Costello*, Powers Friedman Linn P.L.L., Four Commerce Park, Suite #180, 23240 Chagrin Boulevard, Cleveland, OH 44122 (For Plaintiff-Appellee).

*Irm B. Ziegler*, pro se, P.O. Box 601, Grand River, OH 44045 (For Defendant-Appellant).

*Joseph R. Ziegler*, pro se, 120 Court Street, Chardon, OH 44024 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Irm and Joseph Ziegler timely appeal two decisions issued by the Mentor Municipal Court: 1. the January 9, 2015 Judgment Entry ordering garnishment against Irm only and 2. the January 15, 2015 Judgment Entry addressing various issues. This appeal is one of many filed by appellants arising from the jury's 2014 verdict in appellee's favor against Irm for $2,778.65.

{¶2} Although Joseph Ziegler was originally named as a defendant in this suit, appellee voluntarily dismissed him well before the jury trial. An appeal only lies on behalf of a party that can show his rights have been affected and if his affected interest is immediate and pecuniary. *Ohio Contract Carriers Assn., Inc. v. Public Utilities Comm.,* 140 Ohio St. 160, 42 N.E.2d 758 (1942); *In re Guardianship of Love*, 19 Ohio St.2d 111, 113, 249 N.E.2d 794 (1969). The sole argument on appeal in this case arises from the garnishment against Irm only, which arose from the verdict against her only. Joseph has not been affected by the garnishment ruling. Accordingly, he is not a proper party to this appeal, and the arguments herein are addressed on behalf of appellant Irm Ziegler only.

{¶3} Her sole assignment of error asserts:

{¶4} "Did the assigned trial court judge act without subject matter jurisdiction, abuse it's [sic] discretion, create manifest injustice, structurally err, plain err, unlawfully exercised judicial construction and/or is their [sic] ad hoc decision contrary to, conflicts with, and/or involves a unreasonable application of clearly established federal law entitling indigent pro se defendants (debtors) equal protection procedural due process of law and due process access to the courts before unlawfully garnishing defendants property/assets/debts obtained by plaintiffs/creditors through fraud and denial of right to a fair trial in violation of state/federal law and the US Constitution?"

{¶5} We do not, however, reach the merit of appellant's assignment of error on appeal because it is rendered moot as a result of appellee's satisfaction of judgment. *Wiest v. Wiegele*, 170 Ohio App.3d 700, 2006-Ohio-5348, 868 N.E.2d 1040, ¶11 (1st Dist.); *Blodgett v. Blodgett*, 49 Ohio St.3d 243, 245, 551 N.E.2d 1249 (1990); *Hagood v. Gail*, 105 Ohio App.3d 780, 785, 664 N.E.2d 1373 (11th Dist.1995).

2

**{¶6}** It is well established that satisfaction of a judgment renders an appeal from that judgment moot. *Wiest* at ¶11. "'Where the court rendering judgment has jurisdiction of the subject-matter of the action and of the parties, and fraud has not intervened, and the judgment is voluntarily paid and satisfied, such payment puts an end to the controversy, and takes away * * * the right to appeal or prosecute error or even to move for vacation of judgment.' And if an appellant neglects to obtain a stay of the judgment, the non-appealing party has the right to attempt to obtain satisfaction of the judgment even though the appeal is pending. When 'the non-appealing party is successful in obtaining satisfaction of the judgment, the appeal must be dismissed because the issues raised in the appeal have become moot.'" (Citations omitted.) *Id.*

**{¶7}** In *Wiest*, the Wiegeles did not voluntarily satisfy the judgment by making payments. "Instead, Wiest was able to satisfy the judgment through garnishment of funds from the Wiegeles' bank accounts. * * *." *Id.* at ¶12. Thus, regardless of the involuntariness of the satisfaction of judgment, the First District Court of Appeals "dismissed the appeal because the issue had become moot—the case was over. No further proceedings, * * * were possible." *Id.* at ¶13.

**{¶8}** In this case, appellee filed its notice of satisfaction of judgment with the trial court June 30, 2015, and the trial court issued its judgment entry July 8, 2015 acknowledging that the judgment against Irm Ziegler had been satisfied. Because these items were not properly before us, we ordered the trial court to supplement the record on appeal, which it did.

**{¶9}** Upon a review of the supplemented record, this appeal is moot based on satisfaction of judgment. *Id.* Thus, we cannot address appellant's assignment of error on appeal because our opinion would be purely advisory. *Id.*

3

{¶10} Accordingly, appellant's assignment of error is moot and this appeal is dismissed.


TIMOTHY P. CANNON, P.J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only.