[Cite as *Burton Carol Mgt., L.L.C. v. Ziegler*, 2015-Ohio-4925.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**LAKE COUNTY, OHIO**

| | | |
|---|---|---|
| BURTON CAROL MANAGEMENT, LLC, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-L-008** |
| IRM B. ZIEGLER, et al., | : | |
| Defendants-Appellants. | : | |

Civil Appeal from the Mentor Municipal Court, Case No. 14 CVG 00227.

Judgment: Appeal dismissed.

*Michael D. Linn*, and *James J. Costello*, Powers Friedman Linn P.L.L., Four Commerce Park, Suite #180, 23240 Chagrin Boulevard, Cleveland, OH 44122 (For Plaintiff-Appellee).

*Irm B. Ziegler*, pro se, P.O. Box 601, Grand River, OH 44045 (Defendant-Appellant).

*Joseph R. Ziegler*, pro se, 120 Court Street, Chardon, OH 44024 (Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Irm and Joseph Ziegler timely appeal four decisions issued by the Mentor Municipal Court: 1. January 9, 2015 judgment entry denying Irm's motion for reconsideration; 2. January 9, 2015 judgment entry ordering garnishment against Irm only; 3. January 9, 2015 journal entry granting a motion for protective order; and 4.

January 9, 2015 journal entry granting a motion to quash filed by the Lake County Department of Job and Family Services. This appeal is one of many filed by appellants arising after the 2014 jury verdict in appellee's favor against Irm only for $2,778.65.

{¶2} Although Joseph Ziegler was originally named as a defendant, appellee voluntarily dismissed him well before the jury trial. An appeal only lies on behalf of a party that can show his rights have been affected, and if his affected interest is immediate and pecuniary. *Ohio Contract Carriers Assn., Inc. v. Public Utilities Comm.,* 140 Ohio St. 160, 42 N.E.2d 758 (1942); *In re Guardianship of Love*, 19 Ohio St.2d 111, 113, 249 N.E.2d 794 (1969). Joseph has not been affected by the trial court's ruling on the four trial court decisions in issue. Accordingly, he is not a proper party to this appeal, and we address the arguments herein on behalf of Irm Ziegler only. *Id.*

{¶3} Appellant asserts three assignments of error on appeal. However, none of her arguments in this appeal arise from any of the four appealed decisions. In fact, none of the decisions appealed are even referenced in her arguments. Instead, each of her alleged errors arises from the trial court's denial of her motion for a new trial, which was not appealed in this case. Appellant's other pending appeal 2014-L-130 arises from the trial court's denial of her motion for a new trial. Furthermore, the substance of her three assignments of error in this appeal duplicates the arguments made in her other appeal. Appellant's "Summary and Relief" section of her brief is also an exact copy of the one in appeal 2014-L-130, and it only seeks relief from the denial of her motion for a new trial.

{¶4} App.R. 3(D) states in part that "the notice of appeal * * * shall designate the judgment, order or part thereof appealed from * * *." 11th Dist. Loc.R. 3(D)(2)

2

likewise requires an appellant to attach a copy of the judgment entry appealed from or be subject to possible sua sponte dismissal without notice. The trial court's decision denying appellant's motion for a new trial was not properly appealed in this appeal, and as such, we need not address the arguments arising from that decision here. *Hicks v. Hicks*, 6th Dist. Erie No. E-12-076, 2013-Ohio-3852, ¶14-16; *Jones & Scheich v. Maunz*, 6th Dist. Lucas No. L-02-1395, 2003-Ohio-3102, ¶10 (holding in part that arguments arising from a decision not appealed are not properly before an appellate court.)

{¶5} Additionally, we cannot reach the merits of appellant's assignments of error on appeal because each is rendered moot as a result of appellee's satisfaction of judgment. *Wiest v. Wiegele*, 170 Ohio App.3d 700, 2006-Ohio-5348, 868 N.E.2d 1040, ¶11 (1st Dist.); *Blodgett v. Blodgett*, 49 Ohio St.3d 243, 245, 551 N.E.2d 1249 (1990); *Hagood v. Gail*, 105 Ohio App.3d 780, 785, 664 N.E.2d 1373 (11th Dist.1995).

{¶6} It is well established that satisfaction of a judgment renders an appeal from that judgment moot. *Wiest at* ¶11. "'Where the court rendering judgment has jurisdiction of the subject-matter of the action and of the parties, and fraud has not intervened, and the judgment is voluntarily paid and satisfied, such payment puts an end to the controversy, and takes away * * * the right to appeal or prosecute error or even to move for vacation of judgment.' And if an appellant neglects to obtain a stay of the judgment, the non-appealing party has the right to attempt to obtain satisfaction of the judgment even though the appeal is pending. When 'the non-appealing party is successful in obtaining satisfaction of the judgment, the appeal must be dismissed because the issues raised in the appeal have become moot.'" (Citations omitted.) *Id.*

3

**{¶7}** In *Wiest*, the Wiegeles did not voluntarily satisfy the judgment by making payments. "Instead, Wiest was able to satisfy the judgment through garnishment of funds from the Wiegeles' bank accounts. * * *." *Id*. at ¶12. Thus, regardless of the involuntariness of the satisfaction of judgment, the First District Court of Appeals "dismissed the appeal because the issue had become moot—the case was over. No further proceedings * * * were possible." *Id*. at ¶13.

**{¶8}** In this case, appellee filed its notice of satisfaction of judgment with the trial court, and the trial court issued its July 8, 2015 judgment entry acknowledging that the judgment against Irm Ziegler has been satisfied. Because these items were not properly before us, we ordered the trial court to supplement the record on appeal, which it did.

**{¶9}** Upon a review of the supplemented record, this appeal is moot based on appellee's satisfaction of judgment. *Id.* Thus, we will not address appellant's assignments of error on appeal because our opinion would be purely advisory. *Id*.

**{¶10}** Based on the foregoing, the assignments of error are moot and this appeal is dismissed.


TIMOTHY P. CANNON, P.J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only.

4