[Cite as *Burton Carol Mgt., L.L.C. v. Ziegler*, 2015-Ohio-4924.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**LAKE COUNTY, OHIO**


BURTON CAROL MANAGEMENT, LLC,   **:**     **O P I N I O N**

          Plaintiff-Appellee,     **:**

                                                **CASE NO. 2014-L-130**

          - vs -               **:**

IRM B. ZIEGLER, et al.,          **:**

          Defendants-Appellants.     **:**


Civil Appeal from the Mentor Municipal Court, Case No. 14 CVG 00227.

Judgment: Appeal dismissed.


*Michael D. Linn*, and *James J. Costello*, Powers Friedman Linn P.L.L., Four Commerce Park, Suite #180, 23240 Chagrin Boulevard, Cleveland, OH 44122 (For Plaintiff-Appellee).

*Irm B. Ziegler*, pro se, P.O. Box 601, Grand River, OH 44045 (Defendant-Appellant).

*Joseph R. Ziegler*, pro se, 120 Court Street, Chardon, OH 44024 (Defendant-Appellant).


THOMAS R. WRIGHT, J.

{¶1} Irm and Joseph Ziegler timely appeal the December 10, 2014 Judgment Entry issued by the Mentor Municipal Court denying Irm's motion for a new trial. This appeal is one of many filed by appellants arising from the 2014 jury verdict in appellee's favor against Irm only for $2,778.65.

{¶2} Although Joseph Ziegler was originally named as a defendant, appellee voluntarily dismissed him well before the jury trial. An appeal only lies on behalf of a party that can show his rights have been affected and if his affected interest is immediate and pecuniary. *Ohio Contract Carriers Assn., Inc. v. Public Utilities Comm.*, 140 Ohio St. 160, 42 N.E.2d 758 (1942); *In re Guardianship of Love*, 19 Ohio St.2d 111, 113, 249 N.E.2d 794 (1969). Joseph has not been affected by the trial court's ruling on the motion for a new trial because he was not a party to the case during trial. Accordingly, he is not a proper party to this appeal, and we address the arguments herein on behalf of Irm Ziegler only. *Id.*

{¶3} Appellant asserts four assignments of error in her pro se brief. Most of her arguments are bare assertions with no references to the record and with no supporting facts. Her assignments of error allege:

{¶4} "Did the initial trial court judge abused his discretion, create manifest injustice, structurally erred, substantially erred, plain erred, and /or violate this indigent defendant of her federal constitutional right to a jury trial protected under the equal protection clause, due process of law, and access to the courts to present a valid res judicata doctrine and retaliation defense prior to their unlawful eviction for being engaged in a protected right/activity to circulate petitions amongst tenants, [sic] filing grievances/complaints/appeals, and for defendants civilly seeking redress through courts against plaintiff/appellant landlord protected under state/federal law and the 1st and 14th Amendments of the US Constitution?

{¶5} "Should the jury verdict judgement [sic] be set aside based upon the fact it was obtained by fraud, invalid and void. Since the assigned trial court judge abused his

2

discretion, create manifest injustice, structurally erred, substantially erred, plain erred, and/or violate[d] indigent defendants of their federal constitutional right to a fair jury trial protected under the federal equal protection clause, due process clause, and access to the courts to present a valid retaliation defense on second cause of action. By being denied the right to demanded material discovery, and right to present/confront favorable relevant witnesses for being engaged in a federally protected right/activity to circulate petitions amongst tenents [sic], filing grievances, and for seeking civil redress in courts against plaintiff-landlord as protected under state/federal law, and the 1st and 14th Amendments of the US Constitution.

{¶6} "Have the plaintiffs attorney Michael Linn and fellow member of the Ohio Bar Association committed fraud, similar acts, and is attorney Michael Linn engaged in routine practice of committing fraud. That the state trial /appellate court justices (fellow members of the Ohio Bar Association) intentionally and in bad faith conspire to cover-up, condone, and profit by knowing or knowingly refusing to address/correct a fraud and then impose a court 'tax' upon indigent prose defendants never enacted by congress for exercising their clearly established federal constitutional rights to challenge a corrupt system in Lake Co in violation of state/federal law to prejudice defendants of the federal constitutional right to a fair jury trial protected under the federal Equal Protection Clause of the US Constitution.

{¶7} "Does defendant-appellants have a federal property/water right interest under federal law for plaintiffs to 'supply water by a direct public utility connection' (and NOT be charged by the plaintiffs from unregulated third-party billing service) as mandated by state/federal law; or is water a privilege to allow the plaintiff /landlord the

3

right to cancel defendant/tenant water service with cheaper water co and then unlawfully charge a excessive $44.00 monthly 'utility' charge (the word WATER is not even in lease agreement) for one person/apt to allow the plaintiff to unlawfully act as public utility company to directly or indirectly profit by paying a quarterly flat-rate for water/sewage rate at extremely cheaper cost."

{¶8} We do not, however, reach the merits of appellant's assignments of error on appeal because each is rendered moot as a result of appellee's satisfaction of judgment. *Wiest v. Wiegele*, 170 Ohio App.3d 700, 2006-Ohio-5348, 868 N.E.2d 1040, ¶11 (1st Dist.); *Blodgett v. Blodgett*, 49 Ohio St.3d 243, 245, 551 N.E.2d 1249 (1990); *Hagood v. Gail*, 105 Ohio App.3d 780, 785, 664 N.E.2d 1373 (11th Dist.1995).

{¶9} It is well established that satisfaction of a judgment renders an appeal from that judgment moot. *Wiest at* ¶11. "Where the court rendering judgment has jurisdiction of the subject-matter of the action and of the parties, and fraud has not intervened, and the judgment is voluntarily paid and satisfied, such payment puts an end to the controversy, and takes away * * * the right to appeal or prosecute error or even to move for vacation of judgment.' And if an appellant neglects to obtain a stay of the judgment, the non-appealing party has the right to attempt to obtain satisfaction of the judgment even though the appeal is pending. When 'the non-appealing party is successful in obtaining satisfaction of the judgment, the appeal must be dismissed because the issues raised in the appeal have become moot.'" (Citations omitted.) *Id.*

{¶10} In *Wiest*, the Wiegeles did not voluntarily satisfy the judgment by making payments. "Instead, Wiest was able to satisfy the judgment through garnishment of funds from the Wiegeles' bank accounts. * * *." *Id.* at ¶12. Thus, regardless of the

4

involuntariness of the satisfaction of judgment, the First District Court of Appeals "dismissed the appeal because the issue had become moot—the case was over. No further proceedings, * * * were possible." *Id.* at ¶13.

{¶11} In this case, appellee filed its notice of satisfaction of judgment with the trial court, and the trial court issued its judgment entry on July 8, 2015 acknowledging that the judgment against Irm Ziegler has been satisfied. Because these items were not properly before us, we ordered the trial court to supplement the record on appeal, which it did.

{¶12} Upon a review of the supplemented record, this appeal is moot based on appellee's satisfaction of judgment. *Id.* Thus, we will not address appellant's assignments of error on appeal because our opinion would be purely advisory. *Id.*

{¶13} For the foregoing reasons, appellant's assignments of error are moot and the appeal is dismissed.


TIMOTHY P. CANNON, P.J. concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only.