PIPER, J., dissenting.
{¶ 39} If I were to address the merits of the appellants' appeal, I would agree with the majority's result. While acknowledging that the law prefers resolving cases on their merits, we must note the law mandates it unnecessary to resolve disputed issues that have already been legally satisfied. Given the procedural events in the court below, appellants' appeal must be dismissed as moot.
Blodgett As Binding Authority
{¶ 40} It is well-established law that a satisfaction of judgment renders an appeal moot where the judgment is voluntarily paid and accepted as satisfaction. This resolves the case and operates to eliminate the right to appeal. Blodgett v. Blodgett , 49 Ohio St.3d 243, 245, 551 N.E.2d 1249 (1990), citing In re Appropriation for Highway Purposes , 169 Ohio St. 314, 315, 159 N.E.2d 451 (1959). Simply put, the satisfaction of judgment "puts an end to the controversy" previously litigated. Krauss v. Kilgore , 12th Dist. Butler No. CA99-02-031, 1999 WL 552737, *2 (July 26, 1999), citing Blodgett . Courts routinely acknowledge Civ.R. 62 which provides for a stay thereby preserving the right to appeal issues or controversies attendant to the judgment from which the appeal is taken. MHN SUB I, L.L.C. v. Donnelly , 11th Dist. Lake No. 2014-L-031, 2014-Ohio-4128, 2014 WL 4671675.
{¶ 41} The majority opinion disregards the principles of law established in Blodgett because the factual issues in dispute: 1) the effects of a nuptial agreement, 2) alimony, and 3) property classification and division, were derived from a single divorce complaint. Yet, when analyzing Blodgett and its application by numerous courts, the form of the complaint is a difference without a distinction.
{¶ 42} The fact that Blodgett was a divorce case does not restrain the application of its legal tenets from being applied to other civil disputes.[2] Many courts, in a variety of civil disputes have determined Blodgett and its progeny produces an issue of mootness when the judgment being appealed from has been satisfied.
*729 CitiMortgage, Inc. v. Snider , 2016-Ohio-8111, 74 N.E.3d 957 (post foreclosure proceedings); Ohio Power Co. v. Ogle , 4th Dist. Hocking No. 12CA14, 2013-Ohio-1745, 2013 WL 1803895 (condemnation action); Capitol Communications, Inc. v. GBS Corp. , 10th Dist. Franklin Nos. 10AP-08 and 10AP-09, 2010-Ohio-5964, 2010 WL 4968634 (trust security interest in funds escrowed); Washington Mut. Bank, F.A. v. Wallace , 194 Ohio App.3d 549, 2011-Ohio-4174, 957 N.E.2d 92 (12th Dist.), rev'd on other grounds , 130 Ohio St.3d 1492, 2011-Ohio-6556, 958 N.E.2d 955 (foreclosure proceedings); Cook Family Invests. v. Billings , 9th Dist. Lorain No. 07 CA 009281, 2009-Ohio-73, 2009 WL 56917 (cognovit note); Wiest v. Wiegele , 170 Ohio App.3d 700, 2006-Ohio-5348, 868 N.E.2d 1040 (1st Dist.) (motion to vacate judgment); and Blood v. Nofzinger , 162 Ohio App.3d 545, 2005-Ohio-3859, 834 N.E.2d 358, ¶ 20 (6th Dist.) ("the trial court failed to recognize that a 'satisfaction of judgment' does not mean a 'partial' or 'substantial satisfaction of judgment' ").
{¶ 43} Appellants suggests, as the majority sets precedent today, that a satisfaction of judgment needs no stay because this court can imply that the satisfaction of judgment, which was paid in full and executed, was only a "partial" satisfaction of judgment.
{¶ 44} The majority also suggests the satisfaction of judgment entry must express a dismissal with "prejudice" in order to end the litigation. Yet no authority holds that the absence of the word "prejudice" acts to preserve earlier litigated issues or operates as a stay upon the judgment being satisfied. The effects of a particular way of granting dismissal is an animal unrelated to the effects of executing a satisfaction of judgment. Since the judgment being appealed from, if satisfied, terminates all issues and controversies, there is no practical need for a requirement that "prejudice" be expressed. Blodgett .
The Eighth District
{¶ 45} To bolster its reasoning, the majority relies upon Darwish v. Harmon , 91 Ohio App.3d 630, 633 N.E.2d 546 (8th Dist.1992). That case, however, does not mention Blodgett because "mootness " was not raised. In Harmon , appellee attempted to argue it had factually satisfied the judgment. Appellant successfully asserted it had specifically refused to execute a satisfaction of judgment. Since there was no execution of a satisfaction of judgment, the court rejected appellee's claims of satisfaction without the need to address Blodgett , Civ.R. 62, or the concept of "mootness."
{¶ 46} If we were to look to the Eighth District for guidance, our facts are more analogous to the more recent case of Francis David Corp. v. MAC Auto Mart, Inc , 8th Dist. Cuyahoga No. 93951, 2010-Ohio-1215, 2010 WL 1115716. In that case, appellant wanted to seek further monetary damages but the court recognized that because no stay had been sought, satisfaction of the judgment waived the right to appeal because the judgment appealed from became moot. Id. , citing Blodgett . We have misplaced reliance on the factually different case of Harmon and overlooked the significance of MAC Auto's recognition of Blodgett as binding precedent.
Our Facts
{¶ 47} Before any notice of appeal had been filed, appellee tendered a check to satisfy the judgment. Appellants voluntarily accepted the check and appellants prepared a satisfaction of judgment. The satisfaction of judgment was not designated as a partial satisfaction of judgment nor did appellants request a stay or otherwise take action to preserve the right to appeal from that judgment.[3] An appeal must flow from a final appealable order, which is the *730 judgment entry acting to terminate the litigation unless an appeal is initiated. This is why a stay must be sought if planning on initiating an appeal. The final appealable order or judgment entry appellants now attempt to appeal from has in fact been satisfied and the satisfaction of that judgment terminates the litigation. In re Appropriation for Highway Purposes , 169 Ohio St. 314, 159 N.E.2d 451.
Conclusion-An Apple Unpeeled
{¶ 48} "When the nonappealing party is successful in obtaining satisfaction of the judgment, the appeal must be dismissed because the issues raised in the appeal have become moot." Wiest , 170 Ohio App.3d 700, 2006-Ohio-5348, 868 N.E.2d 1040 at ¶ 12. The satisfaction of judgment waives the right to appeal. Alexander v. MHL Ltd. , 1st Dist. Hamilton No. C-120063, 2012-Ohio-4046, 2012 WL 3871402.
{¶ 49} As our colleague, Judge Ringland, once emphasized, it is impossible to undo the effects of a judgment already satisfied. He wrote that a satisfaction of the judgment extinguishes the subject matter of the case and is no longer under the control of the court. Once this has occurred it is much like "unpeeling the apple," and the court is unable to provide relief. Villas at Pointe of Settlers Walk Condominium Assn. v. Coffman Dev. Co. , 12th Dist. Warren No. CA2009-12-165, 2010-Ohio-2822, 2010 WL 2499651.
{¶ 50} An attempt to legally unpeel the apple with the clear, yet simple, facts before us would be a messy proposition, indeed. Therefore, I determine the appeal is moot and should be dismissed.

Stare decisis provides adherence to precedent on questions of law insuring consistency. The rule of law provided in Blodgett is not unusual or aberrant, as it relies upon previously decided Ohio Supreme Court cases in forming its legal pronouncements which have been soundly applied by numerous appellate districts.

There was no stay granted pursuant to Civ.R. 62(E) to preserve appellants' right to appeal. The result of failing to obtain a stay of the judgment is that the nonappealing party can obtain satisfaction of the judgment despite a potential appeal, consequently, the appeal must be dismissed because any issues that would be raised have become moot. MHN SUB I, L.L.C. , 2014-Ohio-4128, 2014 WL 4671675.