[Cite as *Mills Fence Co., Inc. v. Witter*, 2017-Ohio-8381.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| MILLS FENCE CO., INC., | : | APPEAL NOS. C-170042 |
| | | C-170056 |
| Plaintiff-Appellee/Cross-Appellant, | : | TRIAL NO. A-1505912 |
| | : | |
| vs. | | |
| | : | *O P I N I O N.* |
| MATTHEW WITTER, | | |
| | : | |
| and | | |
| | : | |
| TRACY REESER, | | |
| | : | |
| Defendants-Appellants/Cross-Appellees. | : | |

Civil Appeals From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Appeals Dismissed

Date of Judgment Entry on Appeal: November 1, 2017

*Dinsmore & Shohl, LLP, Douglas J. Feichter* and *Andrew B. Cassady,* for Plaintiff-Appellee/Cross-Appellant,

*Hochscheid & Associates, LLC,* and *Tabitha M. Hochscheid,* for Defendants-Appellants/Cross-Appellees.

**DETERS, Judge.**

{¶1} Defendants-appellants/cross-appellees Matt Witter and Tracey Reeser (the "Witters") and plaintiff-appellee/cross-appellant Mills Fence Co., Inc., ("Mills Fence") appeal from the trial court's judgment entered after a bench trial. The trial court's judgment ordered the clerk of courts to disburse funds held by the court in satisfaction of the judgment. Because the record shows that the clerk disbursed the funds in satisfaction of the judgment, and neither the Witters nor Mills Fence moved to stay the execution of the judgment, the judgment has been voluntarily satisfied, and the appeals from that judgment are moot.

## Background and Procedure

{¶2} The Witters entered into a contract with Mills Fence to install a fence on the Witters' property. The Witters were dissatisfied with the work performed by Mills Fence's subcontractor, particularly with regard to damage to their yard and with regard to the uneven level of the fence. Mills Fence employees attempted to address the Witters' concerns, nevertheless the Witters refused to pay Mills Fence $4,300 of the contracted price. As a result, Mills Fence placed a mechanic's lien on the Witters' property for $4,300.

{¶3} Mills Fence sued the Witters for breach of contract and requested attorneys' fees. The Witters filed counterclaims, alleging violations of Ohio's Consumer Sales Practices Act ("CSPA"), breach of contract, trespass, negligence, and fraudulent mechanic's lien. The Witters moved the court to accept a bond in the amount of $8,600, twice the amount of the mechanic's lien, and release the lien. Mills Fence did not oppose the bond request, and the trial court ordered the Witters to post $8,600 with the clerk of courts as a bond, which they did.

2

{¶4}　The matter proceeded to a bench trial.  The trial court determined that the Witters had breached the contract with Mills Fence by withholding $4,300.  However, the trial court also determined that Mills Fence had violated the CSPA by including a one-sided, fee-shifting provision in the contract.  The trial court's judgment awarded the Witters $200, plus a statutory award of attorneys' fees in the amount of $3,120.  The judgment ordered the clerk of courts to disburse $980 of the bond amount to Mills Fence, and ordered that the remainder of the bond, $7,620, be disbursed to the Witters in satisfaction of the judgment.  The certified copy of the trial court's docket and journal entries reflects that on January 13, 2017, the clerk of courts issued a check to Mills Fence for $980 and a check to the Witters for $7,620.

{¶5}　The Witters filed an appeal from the trial court's judgment, and Mills Fence filed a cross-appeal.

### Appeals Moot

{¶6}　"It is a well-established principle of law that a satisfaction of judgment renders an appeal from that judgment moot."  *Blodgett v. Blodgett*, 49 Ohio St.3d 243, 245, 551 N.E.2d 1249 (1990).  " 'Where the court rendering judgment has jurisdiction of the subject-matter of the action and of the parties, and fraud has not intervened, and the judgment is voluntarily paid and satisfied, such payment puts an end to the controversy, and takes away from the defendant the right to appeal or prosecute error or even to move for vacation of judgment.' "  *Id.*, quoting *Rauch v. Noble*, 169 Ohio St. 314, 316, 159 N.E.2d 451 (1959).  This court has dismissed appeals as moot in civil cases where the record shows that an appealing party failed to seek a stay of the trial court's judgment and the judgment was satisfied.  *See Wiest v. Wiegele*, 170 Ohio App.3d 700, 2006-Ohio-5348, 868 N.E.2d 1040, ¶ 12-14 (1st

Dist.); *Art's Rental Equip., Inc. v. Bear Creek Constr., LLC*, 1st Dist. Hamilton Nos. C-110544, C-110555, C-110558, C-110559, C-110564, C-110785, C-110792, C-110797, C-110798, C-110799, C-110800, C-110801, C-110808 and C-120309, 2012-Ohio-5371, ¶ 7; *Queensgate Terminals, LLC v. Cincinnati*, 1st Dist. Hamilton Nos. C-110653 and C-110671, 2013-Ohio-4219, ¶ 13; *Baird v. L.A.D. Holdings, LLC*, 1st Dist. Hamilton Nos. C-160265 and C-160409, 2017-Ohio-2953, ¶ 17.

{¶7}   In *Queensgate Terminals, LLC*, the trial court ordered the city of Cincinnati to deposit over $1.5 million with the court as security in an appropriation proceeding as anticipated damages in favor of Queensgate Terminals, LLC, ("Queensgate") for the city's taking.  After a jury trial, the jury returned a verdict for Queensgate for $500,000.  The same day, the trial court issued an order to distribute the city's funds held by the court.  Queensgate received its judgment plus interest, and the city received the remainder of the funds.  Both Queensgate and the city appealed the trial court's judgment.  This court dismissed both appeals as moot, determining that neither party had sought a stay of the trial court's judgment or order of distribution, and the judgment had been satisfied.  *Queensgate Terminals, LLC* at ¶ 13.

{¶8}   More recently, in *Baird*, this court dismissed appeals on mootness grounds where the record showed that the trial court had ordered escrowed funds to be disbursed to a party in satisfaction of the court's judgment, and the appealing party had failed to seek a stay of the trial court's judgment.  *Baird* at ¶ 17; *see Slovak v. Univ. Off-Campus Housing*, 4th Dist. Athens No. 99 CA 50, 2000 WL 680479 (May 19, 2000) (dismissing the appeal as moot after the clerk of courts had satisfied the judgment by distributing escrowed funds in accordance with the trial court's

4

judgment); *Capitol Communications, Inc. v. GBS Corp.*, 10th Dist. Franklin Nos. 10AP-08 and 10AP-09, 2010-Ohio-5964, ¶ 15 (dismissing appeals as moot because the appealing party did not move to stay execution of the trial court's judgment, and the escrowed funds were distributed pursuant to the trial court's order).

{¶9} Here, the Witters paid $8,600 to the clerk of courts as a bond to release the mechanic's lien on their property. In its final judgment, the trial court ordered the clerk of courts to disburse $980 to Mills Fence and $7,620 to the Witters in satisfaction of the judgment. Neither Mills Fence nor the Witters moved to stay execution of the judgment, and the record reflects that the clerk of courts disbursed the funds in accordance with the judgment. Because neither the Witters nor Mills Fence sought to stay execution of the trial court's judgment, and because the judgment has been satisfied, the Witter's appeal and Mills Fence's cross-appeal are moot and must be dismissed. *See Queensgate Terminal, LLC*, 1st Dist. Hamilton Nos. C-110653 and C-110671, 2013-Ohio-4219.

*Appeals Dismissed.*

**ZAYAS, P.J.,** and **MILLER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.