[Cite as *Cincinnati Metro. Hous. Auth. v. Forte*, 2019-Ohio-4149.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| CINCINNATI METROPOLITAN HOUSING AUTHORITY, | : | APPEAL NOS. C-180536<br>C-180537 |
| | : | TRIAL NOS. 17CV-25069 |
| Plaintiff-Appellant, | | 18CV-09296 |
| | : | |
| vs. | | |
| | : | *O P I N I O N.* |
| BRANDI FORTE, | | |
| Defendant-Appellee. | : | |

Civil Appeals From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Appeals Dismissed

Date of Judgment Entry on Appeal:  October 9, 2019

*Donte Johnson* and *Joy E. Gazaway*, for Plaintiff-Appellant,

*John E. Schrider* and *Rebecca Salley* for Defendant-Appellee.

1

**BERGERON, Judge.**

{¶1}    In this landlord-tenant dispute, the trial court handed down a judgment that ruled in favor of both parties on certain claims, but offset those awards, which resulted in a net judgment in favor of the tenant for $1,940.  The landlord, the Cincinnati Metropolitan Housing Authority ("CMHA"), dutifully appealed the judgment but neglected to seek a stay.  In the meantime, the court released certain funds to the tenant, thereby fully satisfying the judgment.  The complete satisfaction of the judgment without any stay (or attempted stay) renders these appeals moot, and we accordingly dismiss these appeals consistent with our prior case law.

{¶2}    For some background, Brandi Forte (the tenant) lived at Horizon Hills Apartments, owned by CMHA, for the better part of a decade.  Towards the end of her stay, things took a turn for the worse, with numerous problems (such as a lack of heat or cooling) arising and forcing Ms. Forte to leave the Horizon Hills Apartments and reside elsewhere while she waited on CMHA to remedy the situation.  Unfortunately, prompt help was not forthcoming, and CMHA's actions (or inactions) greatly disrupted Ms. Forte's life and often rendered the apartment uninhabitable.  Frustrated by these issues, Ms. Forte eventually initiated rent escrow proceedings, alleging the conditions in her residence violated the Ohio Landlord Tenant Act.  In response, CMHA sought release of Ms. Forte's rental deposit, subsequently filing a rent escrow complaint for Ms. Forte's failure to continue depositing her rent into escrow.  This back-and-forth ultimately led to counterclaims asserted by Ms. Forte, a new action commenced by CMHA seeking eviction and monetary relief, and re-assertion of the counterclaims, which alleged that CMHA breached its duty to provide habitable living conditions and to make repairs.  The court then consolidated all of these claims for trial.

2

{¶3} We need not linger on the details of the trial in light of the jurisdictional obstacle. To make a long story short, after trial, the trial court found in favor of both CMHA and Ms. Forte, awarding damages to CMHA for unpaid rent and to Ms. Forte for emotional distress and rent abatement. In its judgment, the court offset both awards, leaving Ms. Forte with a net judgment in her favor of $1,940 (to be paid from the escrow account). Just a few days after the trial court ordered the clerk of courts to release the funds to Ms. Forte, CMHA appealed the court's judgment. CMHA never balked at the release of funds, nor did it ever request a stay from the trial court (or from us) or post a supersedeas bond. Its inaction here renders these appeals moot in light of our governing case law.

{¶4} As we have explained before, "[i]t is a well-established principle of law that satisfaction of a judgment renders an appeal from that judgment moot." *Wiest v. Wiegele*, 170 Ohio App.3d 700, 2006-Ohio-5348, 868 N.E.2d 1040, ¶ 12 (1st Dist.), citing *Blodgett v. Blodgett*, 49 Ohio St.3d 243, 245, 551 N.E.2d 1249 (1990). In other words, in the absence of any fraud upon the court, the voluntary payment and satisfaction of a judgment hammers the final nail in the coffin of the controversy, relinquishing "the right to appeal or prosecute error or even to move for vacation of judgment." *Queensgate Terminals, L.L.C. v. Cincinnati*, 1st Dist. Hamilton Nos. C-110653 and C-110671, 2013-Ohio-4219, ¶ 5, quoting *Blodgett* at 245. While in this case, CMHA might protest by saying its actions were not voluntary because the court ordered the release of the escrow funds, this court infers that a "party acts voluntarily in satisfying a judgment when it fails to obtain a stay of the trial court's judgment pending appeal." *Id.* at ¶ 6. In other words, a party in CMHA's position must move for a stay or forsake its right to appeal.

{¶5} Swimming against the stream of this rule, CMHA endeavors to distinguish this case from *Blodgett*. In *Blodgett*, the Ohio Supreme Court reversed the court of appeals'

decision to deny the appellee's motion to dismiss, finding the judgment voluntarily satisfied, because the appellant, in an effort to have her cake and eat it too, appealed the court's distribution of assets, but then pending appeal, signed and executed a satisfaction of judgment to receive her share of the distribution. *Blodgett* at 245. The court made short work of that, enunciating a rule of law that we have followed repeatedly over the years that satisfaction of a judgment moots an appeal (and rejecting a duress exception on the record before it). *Id.* But just because the present case and *Blodgett* arose from differing factual scenarios does not render the rule set forth in that case any less relevant. In other words, CMHA misses the forest for the trees as it endeavors to distinguish *Blodgett* and carve out a rule of law that when a court awards competing judgments and offsets those amounts, any failure to obtain a stay should not impact the appeal. Not only does CMHA cite no case law for such a proposition but similar cases from this court undermine its notion.

{¶6} For instance, in *Mills Fence Co., Inc. v. Witter*, 1st Dist. Hamilton Nos. C-170042 and C-170056, 2017-Ohio-8381, the trial court entered a judgment in favor of both parties on their competing claims, ordering the clerk of courts to disburse a certain amount to each party. Because neither party moved to stay execution of judgment and the clerk of courts disbursed the funds during the pendency of the appeal, this court found the appeal moot. *Id.* at ¶ 9. Likewise, in *Queensgate*, based on the trial court's decision to grant each party a portion of the deposited funds, the clerk of courts issued checks to both parties. Neither party obtained a stay of the court's judgment during the appeal, and this court, yet again, applied *Blodgett*'s holding, finding the judgment fully satisfied and the appeal moot. *Queensgate* at ¶ 13. While the competing judgments in both *Mills* and *Queensgate* did not offset one another, the offset of a judgment does not alter the underlying principle—when neither party moves to stay the execution of a competing judgment, and the clerk of courts

4

disburses the funds in the meantime, the judgment is voluntarily satisfied, thereby mooting the pending appeal. *Mills* at ¶ 1; *Queensgate* at ¶ 13. We really see this situation as no different than a simpler result in which Ms. Forte recovered only $1,940 and CMHA recovered nothing.

{¶7}   As a last gasp, CMHA insists that, regardless of what the court's judgment provides, its books and records continue to show Ms. Forte owing her (offset) portion of the judgment to it, and thus the appeal cannot be moot. But that suggests open defiance of a court's judgment. A party cannot stave off mootness by simply wishing away the effects of a judgment.

{¶8}   Despite CMHA's protestations, it acted voluntarily in satisfying the judgment, just like the parties in *Mills* and *Queensgate*, when it failed to seek a stay of the trial court's judgment pending appeal—rendering the present appeal moot. For the foregoing reasons, we find CMHA's appeals moot, and accordingly dismiss the appeals.

Appeals dismissed.

**MYERS, P. J.**, and **WINKLER, J.**, concur.

Please note:

The court has recorded its entry on the date of the release of this opinion